CHARLES H. GETMAN, as Assignee, etc., Appellant, *v.* THE SECOND NATIONAL BANK OF OSWEGO, Respondent.

In an action brought by plaintiff as assignee in bankruptcy of A. to recover the penalties imposed by the National Banking Act for charging and receiving usurious rates of interest (U. S. R. S., §§ 5197, 5198), defendant interposed as a defense and proved a release and discharge, executed by A. before the commencement of the bankruptcy proceedings. Plaintiff thereupon gave in evidence the record of a judgment in his favor in an action in which plaintiff as assignee sued defendant to recover a payment made to it by A. about a month prior to the execution of the release, as having been made when A. was insolvent, and when defendant had reasonable cause to believe that fact and knew the payment was made in fraud of the Bankrupt Act. *Held,* that defendant was not concluded or affected by the judgment, as, to annul the release, plaintiff was bound to show, not only that at its date defendant had reasonable cause to believe A. to be insolvent, but that he executed it in fraud of the act (U. S. R. S., §§ 5128, 5129, as amended by § 11, chap. 390, Laws of 1874); that proof that a prior payment made by A. to defendant was a fraudulent preference, known to be such, did not establish that a payment by defendant to A. of a debt due the latter was either fraudulent or known to be such.

(Argued April 2, 1882 ; decided May 2, 1882.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, entered upon an order made at the June term, 1881, which affirmed a judgment in favor of defendant, entered upon the report of a referee.

The nature of the action and the material facts appear in the opinion.

*Geo. W. Parkhurst* for appellant. The question of "reasonable cause to believe said Ames insolvent," as well as that of insolvency, was *res adjudicata* and conclusive. (*Hudson* v. *Spencer*, 7 J. & Sp. 452; *Blair* v. *Bartlett*, 75 N. Y. 150; *Doty* v. *Brown*, 4 id. 71; *Castle* v. *Noyes*, 14 id. 329.) The instrument purporting to be a release was a disposition of property "not made in the usual and ordinary course of business" of said Ames and was *prima facie* fraudulent, and the referee erred in refusing so to find. (Bouvier's Law Dictionary; *Wheelock* v. *Lee*, 64 N. Y. 242; U. S. R. S., §§ 5129, 5130; Bump on Fraudulent Conveyances, 575–576; *Collins et al.* v. *Bell*, 3 B. R. 587; *Scammon* v. *Cole*, id. 393; *In re Hunt*, 2 id. 539, cited in Bump on Bankruptcy [10th ed.], 852; *Navy* v. *Merritt*, 8 Allen, 451; *Tuttle* v. *Truax*, 1 B. R. 169; *Rison* v. *Knapp*, 4 id. 342; *Babbitt* v. *Welburn*, id. 121; *Bruce* v. *Kelley*, 7 J. & Sp. 27.) The release is void as against public policy. (1 Wait's Actions and Defenses, 700; *Bosler* v. *Rheem*, 72 Penn. St. 54; *Clark* v. *Spencer*, 14 Kans. 406; *Mabee* v. *Crozier*, 22 Hun, 264.)

*W. H. Kenyon* for respondent. The sealed receipt and release of George Ames conclusively established that the penalties, to recover which this action is brought, were fully paid by defendant to Ames before the bankruptcy proceeding was instituted. (2 Edm. Stat. 423, § 77 [2 R. S. 406]; *Home Ins. Co.* v. *Watson*, 59 N. Y. 390–395; *Thallhimer* v. *Brinckerhoff*, 6 Cow. 90–102; Code, §§ 1337, 1338; *Baker* v. *Spencer*, 47 N. Y. 465, 562, 563, 564; *Vermilyea* v. *Palmer*, 52 id. 471–475, 476; *St. Luke's Home* v. *Asylum for Indigent Females*, 52 id. 191–199; *Spencer* v. *Spencer*, 11 Paige 299–304; *Clark* v. *Davenport*, 1 Bosw. 95, 96, 110; *People* v. *Snyder*, 41 N. Y. 397–402; *Seymour* v. *Van Slyck*, 8 Wend. 403, 404, 414.) No provision of the Bankrupt Act forbids payment to, or receiving payment by, an insolvent of any claim

or demand in his favor at any time prior to the commencement of bankruptcy proceedings. (*Smith* v. *Teutonia Ins. Co.*, 6 L. N. 130; Bump's Bankruptcy [10th ed.], 420.) In order to invalidate the release it is necessary to establish that George Ames knowingly executed it in fraud of the Bankrupt Law. (U. S. Rev. Stat:, §§ 5128, 5129, as amended by § 11 of chap. 390 of Laws of 1874; *Guernsey* v. *Miller*, 80 N. Y. 181–184.)

FINCH, J.  The plaintiff, as assignee in bankruptcy of George Ames, sued upon sixty-four causes of action, each of which alleged that the defendant had charged and received usurious rates of interest on loans and discounts to Ames, and the firm of Ames & Tanner, whereby the bank became liable to refund double the amount under the act of Congress. These causes of action were met and answered by proof that they had been fully paid and satisfied, and the liability of the bank therefor released and discharged by the assignor before the commencement of the proceedings in bankruptcy. That proof was made by the production of a release under seal executed by said Ames, acknowledging full payment and satisfaction of all claims for excessive interest and releasing the bank therefrom. The contest thereafter turned upon the validity and effect of this release. The plaintiff attempted to render it ineffectual, by bringing it within the condemnation of the Bankrupt Act. The only evidence he gave was the record of a previous judgment between the same parties in which the plaintiff sued as assignee to recover certain payments made to the defendant, on the 31st day of March, 1877, being about a month earlier than the date of the release, as having been made when the debtor was in fact insolvent, and when the creditor had reasonable cause to believe in the existence of such insolvency, and knew that such payment was made in fraud of the provisions of the Bankrupt Act. These facts were decided in plaintiff's favor in that action, but they do not prove the plaintiff's case in this. To annul the release he was bound to show not only that at its date the defendant had reasonable cause to believe Ames insolvent, but that it knew that he executed it

in fraud of the provisions of the Bankrupt Act (U. S. R. S., §§ 5128, 5129, as amended by Laws 1874, chap. 390, § 11; *Guernsey* v. *Miller*, 80 N. Y. 181.) Proof that a payment made by the debtor to the creditor in March, 1877, was a fraudulent preference, known to be such, does not at all establish that payment by the bank to Ames in April, 1877, of a debt due the latter was either fraudulent or known to be such. The exception, therefore, to the refusal of the referee to find that at the date of the release the defendant had reasonable cause to believe Ames insolvent was not well taken. The fact was immaterial, unless further proof was given showing knowledge of a fraud upon the Bankrupt Act. No such proof was given. The plaintiff seeks to supply it by calling it a transaction not in the usual and ordinary course of business of the debtor, and invoking the presumption arising from that fact. (U. S. R. S., § 5130.) But Ames simply collected a debt due him and settled an obligation which he held against the bank. That did not become a matter outside of his usual and ordinary business because the character of the debt was unusual and peculiar. It was collecting back an over-payment. His loans and discounts, his payments of interest, were usual and ordinary, and his settlement of a demand for payment in excess cannot be deemed outside of the usual and ordinary course of business. The further argument that the release was against public policy does not need discussion. We think the defense was complete and properly allowed to prevail.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.