Mary F., whose name prior to her marriage was Mary M., was appointed administratrix of her husband's estate. There were certain savings bank accounts standing in the name of "James F., in trust for Mary F., his wife," "James F., in trust for Mary F.," and "James F. or Mary F." The money in the latter account had been transferred from an account standing in the name of James F. in trust for Mary M. *Held*, that in settling her accounts the administratrix was not chargeable with such money as that of the decedent.

2. SURROGATE'S COURT—JURISDICTION.

In proceedings for the settlement of an administratrix's account the surrogate cannot pass on the issue of title to property arising between third parties and the administratrix individually.

In the matter of the estate of James Finn, deceased. Proceedings on judicial settlement of the accounts.

Joseph I. Green, for petitioner.
New & Gilchrist, for contestants.

THOMAS, S. I will find as a matter of fact that the administratrix was the lawful wife of the decedent, and that she is now his widow, and that her former husband died prior to her marriage with the decedent. The account of the administratrix cannot be surcharged with the sum of $3,154.38 drawn by her from the account in the Bowery Savings Bank in the name of "James Finn, in trust for Mary Finn, his wife," or with the sum of $1,097 drawn by her from the account in the Seamen's Bank for Savings in the name of "James Finn, in trust for Mary Finn," for the reason that those sums were presumptively her property. Matter of Mueller, 15 App. Div. 67, 44 N. Y. Supp. 280; Robertson v. McCarty, 54 App. Div. 103, 66 N. Y. Supp. 327. Neither can she

be charged with the sum of $819 drawn from the Metropolitan Savings Bank, being the balance due on an account opened in the name of "James Finn or Mary Finn." It affirmatively appeared that this account was opened on July 3, 1901, by a deposit of $1,455.28, which was transferred from a former account in the same bank in the name of "James Finn, in trust for Mary Myers." The name of the administratrix before her marriage to the decedent was Mary Myers, and the moneys so transferred belonged to her under the authorities above cited. The subsequent drafts from that account exceeded the deposits, and the balance at the time of the decedent's death was $819 only. On these facts, and on the authority of Mulcahey v. Emigrant Industrial Savings Bank, 89 N. Y. 436, I must determine that this balance did not belong to the decedent.

The suggestion on the argument that the decedent was liable as the general guardian of one of his sons for property in his hands as such guardian, raises no question that could be passed upon in this proceeding, even if a formal objection had been permitted to be filed upon that ground. The claim, based upon the argument that some of the money collected by the widow was the property of certain of the children by reason of trust deposits made by the decedent years before his death, is not made by the objections filed. It could not be considered here, even upon due objections, because a surrogate has no jurisdiction to pass upon an issue of title to property between an administrator as an individual and third parties, when neither party alleges that the property in dispute forms part of the estate to be administered, but both insist that the decedent parted with title thereto prior to his death. The claim of the administratrix as an individual in resisting the claim that the property received by her is part of the estate to be distributed may be determined under section 2731, Code Civ. Proc. The account will be approved as filed. No costs will be awarded to either party.

Decreed accordingly.