In the Matter of the Accounting of KATHERINE SCHNABEL, as Administratrix of the Estate of CHARLES A. SCHNABEL, Deceased, Respondent.

H. KOEHLER & COMPANY, Appellant.

Surrogates' Courts—powers of such courts and limitations thereon — a surrogate has no power, upon the accounting of an administratrix, to determine the validity of a bill of sale given to her by the intestate before his death.

1. The Surrogate's Court is one of limited powers and jurisdiction, and though the surrogate possesses such legal and equitable powers as are necessary for the discharge of the duties devolved upon him by the Code of Civil Procedure, he has no general jurisdiction. The power to distribute the estate of a decedent and to determine contested claims does not comprehend the power to hear and determine questions of the validity of the transfers of property, when attacked upon the ground of fraud in their procurement.

2. In a proceeding brought by a creditor to compel an administratrix to account, in which the creditor seeks to have the account surcharged with the sum received by the administratrix from the sale of personal property claimed by her under a bill of sale, made and delivered to her by the intestate before his death, the surrogate has no jurisdiction to hear and determine the question as to the validity of the bill of sale and declare it fraudulent and void as to creditors of decedent. Until competently set aside in a proper action in a court of equity, it is conclusive evidence as to the personal interest of the administratrix in the property.

*Matter of Schnabel*, 136 App Div. 522, affirmed.

(Argued April 24, 1911; decided May 9, 1911.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered February 11, 1910, which modified and affirmed as modified a decree of the New York County Surrogate's Court settling the accounts of Katherine Schnabel, as administratrix of the estate of Charles A. Schnabel, deceased.

The facts, so far as material, are stated in the opinion.

*Jerome Koehler* and *Edward L. Blackman* for appellant. The surrogate had the power to pass upon the controversy. (Code Civ. Pro. § 2731.) The jurisdiction of the surrogate to pass upon the validity of these alleged transfers is incidental and necessary to his power to order, supervise and examine the account of the administratrix. (*Matter of Ammerell,* 38 Misc. Rep. 399; *Matter of Adams,* 2 Redf. 66; *Matter of Fithian,* 15 N. Y. S. R. 839; *Matter of Archer,* 51 Misc. Rep. 261; *Hyland* v. *Baxter,* 98 N. Y. 610; *Boughton* v. *Flint,* 74 N. Y. 476; *Riggs* v. *Cragg,* 89 N. Y. 492; *Chipman* v. *Montgomery,* 63 N. Y. 221; *Matter of U. S. Trust Co.,* 175 N. Y. 304.)

*Edward Herrmann* for respondent. The Surrogate's Court had no jurisdiction to hear and determine the question as to the validity of the bill of sale. (*Matter of Thompson,* 184 N. Y. 40; *Sanders* v. *Soutter,* 126 N. Y. 193; *Matter of Randall,* 152 N. Y. 508; *Matter of Wagner,* 119 N. Y. 28; *Woodruff* v. *Woodruff,* 3 Dem. 505; *Matter of Kellogg,* 39 Hun, 275; *Riggs* v. *Cragg,* 89 N. Y. 479; *Matter of Walker,* 136 N. Y. 20; *Matter of Merriam,* 136 N. Y. 58.)

GRAY, J.   Upon this appeal, the contending creditor is appellant and the administratrix is respondent, in a proceeding which was instituted by the former to compel the latter to account. The only one of the questions arising out of their controversy, which we need consider, is over the power of the surrogate to surcharge the

account of the administratrix with a sum of money received by her upon a sale of personal property, made after the death of the intestate. The surrogate sustained the claim of the creditor and surcharged the account; but the Appellate Division struck out the item. The intestate had conducted the business of a liquor saloon for some years and, some time before his death, he duly executed and delivered to his wife, this administratrix, a bill of sale, which transferred to her the saloon fixtures and his interest in the business. After his death, she transferred her interest in the property to another and, upon this accounting, her account, naturally, contained no reference to the transaction. Upon the trial before a referee, to whom the matter was referred, the facts respecting it were brought out. The referee found the fact of the making of the bill of sale; but he, further, found that it was not recorded, that there had been no change of possession and that the consideration was nominal. Thereupon, he found, as conclusions of law, that the bill of sale was fraudulent and, therefore, void, as to the creditors of the decedent, and that the administratrix should be charged with the price received by her upon her subsequent sale of the property. The surrogate overruled her exceptions and confirmed the referee's report. Upon her appeal to the Appellate Division from the decree of the Surrogate's Court, it was held that the surrogate was without jurisdiction to hear and determine the question as to the validity of the bill of sale and that, until competently set aside in a proper action, it was conclusive evidence as to the personal interest of the administratrix in the property.

I think that this determination was correct and that the decree of the Surrogate's Court was properly reversed upon the exceptions. The appellant contends that the surrogate had the power to decide the question of fraud; inasmuch as there was a contest between the administratrix, who was accounting, and the petitioning creditor

respecting what was property of the estate.   Section 2731 of the Code of Civil Procedure, upon which reliance is placed to support this contention, provides that "where a contest arises between the accounting party and any of the other parties respecting property alleged to belong to the estate, but to which the accounting party lays claim either individually or as the representative of the estate, * * * the contest must, except where the claim is made in a representative capacity, * * * be tried and determined in the same manner as any other issue arising in the Surrogate's Court."

That section may not be construed as conferring any such extensive jurisdiction, as was exercised in this case. The power to set aside the instrument, by which the property was transferred by the deceased to his wife, could only be exercised by a court possessing general equitable jurisdiction.   The Surrogate's Court is one of limited powers and jurisdiction and, though the surrogate possesses such legal and equitable powers as are necessary for the discharge of the duties devolved upon him by the statute, he has no  general equitable jurisdiction.   The power to distribute the estate of a decedent and to determine contested claims does not comprehend the power to hear and determine questions of the validity of transfers of property, when attacked upon the ground of fraud in their procurement.   To concede such a power to the Surrogate's Court is to concede the general power of a court of equity; which, as yet, the legislature has not conferred upon it.   The jurisdiction, which courts of equity exercise in cases of fraud, has existed as long as there has been a court of chancery and it is regulated, in its exercise, by the principle of administering justice according to honesty and conscience; not contravening rules of law, but supplying a remedy where the legal remedy is inadequate.   Courts of equity proceed upon broad principles in protecting the rights of creditors, whether by giving effect to the statute against fraudulent conveyances, or in cases

not reached by the statute.    Our Surrogates' Courts have
never had such general jurisdiction, nor have they other
powers than have been given by the legislature.    In this
case, the Surrogate's Court, in undertaking to determine
the question of fact, as to the fraud in the transfer of his
property by the deceased, and the resultant equities, has
assumed a power not to be read into the express powers
conferred.    Of course, the mere allegation, or claim, of
the creditor, that the saloon business and property belonged
to the estate of the deceased, did not give to the surrogate
any power to pass upon it.    (*Matter of Thompson*, 184
N. Y. 36, 40.)    This question should be regarded as defini-
tively settled by decisions of this court in cases, where,
similarly, it has been contended that the jurisdiction of
the surrogate extended to the setting aside, or annulment,
of instruments of release and of assignment affecting the
distribution of estates and claimed to have been fraudu-
lent.    (*Matter of Wagner*, 119 N. Y. 28, 36; *Sanders* v.
*Soutter*, 126 id. 193; *Matter of Randall*, 152 id. 508.)    In
all such cases, resort for relief must be had to a court
possessing general equity powers.

The order should be affirmed.

Cullen, Ch. J., Haight, Vann, Werner, Hiscock and
Collin, JJ., concur.

Order affirmed, with costs.