INGRAHAM, P. J., SCOTT, DOWLING and HOTCHKISS, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.

---

In the Matter of the Judicial Settlement of the Account of SUSAN MATILDA WATSON, as Executrix, and WILLIAM H. HARRIS, as Executor, etc., of MARY C. HOFFMAN, Deceased.

MARGARET H. GALLATIN, Objector, Appellant; SUSAN MATILDA WATSON, as Executrix; WILLIAM H. HARRIS, as Executor, etc., Respondents.

(*Supreme Court, App. Div., First Department, December*, 31, 1914.)

SURROGATE'S COURT — JURISDICTION TO DETERMINE OWNERSHIP OF PROPERTY NOT IN POSSESSION OF TESTATRIX AT TIME OF HER DEATH.

The jurisdiction of the Surrogate's Court to distribute the estate of a decedent, and to determine contested claims, does not include the power to try the question of title to personal property not in the possession of a testatrix at the time of her death.

Hence, the Surrogate's Court has no jurisdiction upon an accounting by executors to determine the ownership of personal property alleged to belong to an estate, but which, in fact, was in the possession of one of the executors at the time the testatrix died.

APPEAL by Margaret H. Gallatin, objector, from parts of a decree of the Surrogate's Court of the county of New York, entered in the office of said Surrogate's Court on the 25th day of July, 1914, settling the accounts of the executors.

Albert Stickney, for the appellant.

Paul R. Towne, for the respondents.

McLAUGHLIN, J. — Mary C. Hoffman died on December 22, 1911. She left a will, in which she named her daughter, Susan M. Watson, her son, Samuel V. Hoffman, and William H. Harris her executors. The will was admitted to probate and letters testamentary issued to the executors named therein. Samuel V. Hoffman took little, if any, part in the administration of the estate. He became ill in September, 1912, when a committee was appointed of his person and property, and thereafter the estate of the testatrix was administered by the respondents. On May 8, 1913, they filed their accounts for judicial settlement. Objections were interposed thereto by the appellant, a granddaughter of the testatrix. The objections were that the executors had failed to account for a pearl necklace and a ruby ring which it was alleged belonged to the decedent at the time of her death; that the executors had omitted them from the schedule of assets and failed to account for them. There were objections to certain expenditures, but those are not involved in this appeal.

The objections were sent by the surrogate to a referee, who reported in favor of the appellant and surcharged the executors' accounts with the necklace and ring. The surrogate refused to confirm the report in this respect and overruled the objections. A decree of the Surrogate's Court was entered, and from so much of it as overruled the appellant's objections and refused to surcharge the executors' accounts with the two articles named, this appeal is taken.

The fact is not disputed that the decedent, up to within a short time of her death, owned and was in possession of the necklace and ring referred to. Mrs. Watson claimed that her mother gave them to her and she was in possession of them

when her mother died.    They were never in the possession of Harris, the other accounting executor.    The learned surrogate held, and I think correctly, that the Surrogate's Court did not have jurisdiction to determine, under the facts presented, whether the necklace and ring belonged to Mrs. Watson or to the estate of the testatrix.    (See 86 Misc. Rep. 588.)

The Surrogate's Court is one of limited jurisdiction and the surrogate has only such legal and equitable powers as are necessary for the discharge of the duty devolved upon him by statute.    He has the power to distribute the estate of a decedent and to determine contested claims, but this does not include the power to try the question of title to articles of personal property which were not in the possession of a testator at the time of his death.    (Matter of Schnabel, 202 N. Y. 134.)

The necklace and ring were, as indicated, in the possession of Mrs. Watson at the time the testatrix died.    She then and ever since has claimed to be the owner — insisting that they belonged to her and that the estate has no interest therein.    She has a right, under such circumstances, before they can be taken from her, to a trial in a court of general jurisdiction.

Without, therefore, passing upon the merits of the claims of the respective parties, I am of the opinion that the decree, in so far as appealed from, should be affirmed without prejudice to the appellant's right to the maintenance of an action to recover for the estate of the testatrix the articles referred to, if she be so advised, with costs to the respondents payable out of the estate.

INGRAHAM, P. J., SCOTT, DOWLING and HOTCHKISS, JJ., concurred.

Decree affirmed, with costs to respondents payable out of the estate, without prejudice to appellant's right to maintain action as stated in opinion.