In re HOFFMAN'S WILL.   (No. 6656.)

(Supreme Court, Appellate Division, First Department. December 31, 1914.)

COURTS (§ 200½*)—SURROGATE'S COURTS—JURISDICTION—DETERMINATION OF TITLE TO PROPERTY.

Where property formerly owned by a testator was in the possession of his executor, who claimed title by gift from the testator, at the time of the testator's death, the Surrogate's Court, on the settlement of the executor's accounts, had no jurisdiction to determine the title to such property, as that court is one of limited jurisdiction, and the surrogate has only such legal and equitable powers as are necessary for the discharge of the duties devolved upon him by statute, and he has no power to try the question of title to personal property not in the testator's possession at the time of his death.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 479; Dec. Dig. § 200½.*]

Appeal from Surrogate's Court, New York County.

Proceeding for the judicial settlement of the accounts of Susan M. Watson and another, as executors of Mary C. Hoffman, deceased.

From a decree overruling objections to the accounts, and settling the accounts, Margaret H. Gallatin appeals. Affirmed.

For opinion below, see 148 N. Y. Supp. 902.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, DOWLING, and HOTCHKISS, JJ.

Albert Stickney, of New York City, for appellant.

Paul R. Towne, of New York City, for respondents.

McLAUGHLIN, J. Mary C. Hoffman died on December 22, 1911. She left a will in which she named her daughter, Susan M. Watson, her son, Samuel V. Hoffman, and William H. Harris, her executors. The will was admitted to probate, and letters testamentary issued to the executors named therein. Samuel V. Hoffman took little, if any, part in the administration of the estate. He became ill in September, 1912, when a committee was appointed of his person and property, and thereafter the estate of the testatrix was administered by the respondents. On May 18, 1913, they filed their accounts for judicial settlement. Objections were interposed thereto by the appellant, a granddaughter of the testatrix. The objections were that the executors had failed to account for a pearl necklace and a ruby ring, which it was alleged belonged to the decedent at the time of her death; that the executors had omitted them from the schedule of assets, and failed to account for them. There were objections to certain expenditures, but those are not involved in this appeal.

The objections were sent by the surrogate to a referee, who reported in favor of the appellant, and surcharged the executors' accounts with the necklace and ring. The surrogate refused to confirm the report in this respect, and overruled the objections. A decree of the Surrogate's Court was entered, and from so much of it as overruled the appellant's objections, and refused to surcharge the executors' accounts with the two articles named, this appeal is taken.

The fact is not disputed that the decedent, up to within a short time of her death, owned and was in possession of the necklace and ring referred to. Mrs. Watson claimed that her mother gave them to her, and she was in possession of them when her mother died. They were never in the possession of Harris, the other accounting executor. The learned surrogate held, and I think correctly, that the Surrogate's Court did not have jurisdiction to determine, under the facts presented, whether the necklace and ring belonged to Mrs. Watson or to the estate of the testatrix.

The Surrogate's Court is one of limited jurisdiction, and the surrogate has only such legal and equitable powers as are necessary for the discharge of the duty devolved upon him by statute. He has the power to distribute the estate of a decedent and to determine contested claims; but this does not include the power to try the question of title to articles of personal property which were not in the possession of a testator at the time of his death. Matter of Schnabel, 202 N. Y. 134, 95 N. E. 698.

The necklace and ring were, as indicated, in the possession of Mrs. Watson at the time the testatrix died. She then and ever since has claimed to be the owner, insisting that they belonged to her, and that

the estate has no interest therein. She has a right, under such circumstances, before they can be taken from her, to a trial in a court of general jurisdiction.

Without, therefore, passing upon the merits of the claims of the respective parties, I am of the opinion that the decree, in so far as appealed from, should be affirmed, without prejudice to the appellant's right to the maintenance of an action to recover for the estate of the testatrix the articles referred to, if she be so advised, with costs to the respondents payable out of the estate. All concur.