street line and 1½ inches at its rear, a distance from the street of 36 feet; that the survey exhibited to defendant, upon which plaintiff based in part his refusal to accept the title, disclosed this fact. We think this rendered the title unmarketable, and justified the plaintiff in rejecting the title. Klim v. Sachs, 102 App. Div. 44, 92 N. Y. Supp. 107.

The judgment must be reversed, and a new trial granted; costs to abide the event.

JENKS and HOOKER, JJ., concur.

GAYNOR, J. (dissenting). I think the learned trial judge decided this case with scientific discrimination, and correctly. The complaint prays for specific performance, but that an allowance, or abatement of the contract price, be made for the small encroachment, and for an alleged health violation. But there was no evidence of the value of the strip encroached upon, or of the diminution of the value of the lot thereof. The trial judge correctly ruled that in the absence of such evidence he could not fix any amount in abatement. The other objection to the title was that an anonymous complaint had been made to the health board that a nasty smell came from a privy vault, and that an ex parte order was made therein by the clerk of the board of health that the vault be emptied and filled, and that a water-closet be substituted. The trial judge ruled that the contract of sale did not cover the so-called health violations, and was in this right. The contract is in so many words merely that the sale shall be "free and clear of incumbrances and violations." There is no evidence to show what this obscure word "violations" means; nor is there any evidence that there was a violation of any health law. The anonymous communication was not evidence, nor was the ex parte order of the health board clerk.

Judgment of specific performance was given, but without any abatement, and I recommend affirmance. The Special Term of the Supreme Court is filled with suits like this, and attorneys who bring them should try them scientifically. Most of them are purely technical and vexatious.

WOODWARD, J., concurs.

---

(121 App. Div. 200)

In re CAVANAGH.

(Supreme Court, Appellate Division, Second Department.  July 23, 1907.)

1. EXECUTORS AND ADMINISTRATORS—ASSETS—PERSONAL CLAIM—JURISDICTION OF SURROGATE.
    The Surrogate's Court has jurisdiction to settle an administratrix's account, in which she returns certain money as assets of the estate, but also claims it as her own as a gift from the decedent.

2. SAME—DISPUTED CLAIMS—HEARING—OBJECTION TO JURISDICTION.
    Contestants at the hearing on an administratrix's account objected generally to the jurisdiction of the court to hear a personal claim of the administratrix to all the property returned as assets, but claimed to have

been given to the administratrix by the decedent. *Held*, that the objection to the court's jurisdiction was not an admission that the administratrix was entitled to the property as a gift, or a waiver of contestants' claim that the property was assets of the estate.

Appeal from Surrogate's Court, Kings County.

Settlement of the account of Ellen Cavanagh, administratrix of Mary Cavanagh. From a decree dismissing objections to the proof of a claim, contestants appeal. Reversed and remanded.

The account was filed on November 21, 1906, and three months thereafter the individual who had filed the account as said administratrix filed with the surrogate an affidavit to the effect that the decedent in her lifetime had made a gift to her personally of all the property mentioned in the account. Certain of the objectors and the accounting party appeared at the hearing, and at the outset the accounting party called a witness. After several preliminary questions, the counsel for the contestants said: "I want to interpose an objection to the attempted proof of this claim, on the ground that there is no authority or jurisdiction in the surrogate to hear such a claim. The Surrogate: What do you mean? I don't understand your point. Counsel: This administratrix has come in and filed an account setting forth the personal property left by the decedent. She now comes in on the same accounting with a claim that this property was a gift to her. The Surrogate: The Code says that a claim of an administrator or executor against an estate must be proved before it will be allowed. I don't see your point. Counsel: My point is this: That the administratrix in a sense is estopped as to that. She takes an inconsistent position. The Surrogate: She takes the position which the Code says she must take. You can take your choice —whether you are willing that she should assume the affirmative and prove her claim, or you can insist on your objection of want of jurisdiction and admit that she is in possession of property under claim of gift. Counsel: I object on the ground that the court has no jurisdiction. The Surrogate: Objection sustained on the ground that, as the property is in her possession as her own individual property, there is no necessity for her accounting therefor." The objections were dismissed by the decree.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and MILLER, JJ.

T. B. Chancellor, for appellant.

Robert P. Alling, for respondent.

JENKS, J. I think that the learned surrogate was right in holding that his court had jurisdiction. Sexton v. Sexton, 64 App. Div. 385, 72 N. Y. Supp. 213, affirmed 174 N. Y. 516, 66 N. E. 1116. The objection of the contestants first made was upon the lack of power in the surrogate to hear the claim, and was then restated as against the inconsistent position of the accounting party with respect to the property. But the learned surrogate had no right to push the counsel to the alternative that, if he insisted on his objection to the "jurisdiction," he must "admit that the accounting party was in possession of property under a claim of gift." The counsel had admitted nothing, and he had a right to make his objections, whether good or bad, and to ask for rulings upon them. There was no allegation with the objection, or to be implied therefrom, to the effect that, "as such property had been delivered to the administratrix during the lifetime of the deceased, it did not constitute a part of the estate of the deceased, and therefore was not the subject of investigation on such hearing." The point of the objections, as I interpret them, was, first, as to the juris-

·diction generally; and, second, to inconsistent position of the account-ing party—her "estoppel," as the counsel put it.

But, even if the counsel was bound to accept (as he was not) the al-ternative of the learned court, "or you can insist on your objection of want of jurisdiction and admit that she is in possession of property under claim of gift," it was not an admission that she personally owned the property; for such possession does not imply that it was in her possession as "her own individual property." The course of the coun-sel cannot be construed as a waiver of the contestants' claim, or as a concession of that of the respondent. An objection to the jurisdiction, if not well taken, certainly cannot oust the court of jurisdiction; and the court cannot in effect determine that such an objection leaves noth-ing for the court to determine in the controversy before it. I think that the court should have proceeded with the hearing.

Decree of the Surrogate's Court reversed, with costs, and proceedings remit-ted to the surrogate for a hearing on the merits. All concur.

---

(121 App. Div. 245)

## LOWERY v. HUNTINGTON LIGHT & POWER CO.

(Supreme Court, Appellate Division, Second Department. July 23, 1907.)

MASTER AND SERVANT—INJURIES TO SERVANT—FELLOW SERVANTS.

   Plaintiff was an employé of defendant as one of a gang trimming trees so as to admit the stringing of defendant's electric wires. The gang's foreman pointed out a tree for trimming, and plaintiff, with another, climbed the same, attached a rope to a limb, and then cast it over a crotch of the tree above the limb, so that the loose end of the rope dropped to the ground. They then sawed off this limb, which fell on a lower limb. The lower limb was then sawed off, but when it fell the foreman held the rope taut, so that the limb to which it was attached did not fall with the lower limb, but remained suspended in the air and swung in toward plaintiff, who, in attempting to avoid it, fell to the ground. Held, that the foreman in holding the rope was not engaged in an act of superintendence, within the employer's liability act, making an employer liable for injuries to an employé resulting from the negligence of any person in the service of the employer intrusted with and exercising superintendence.

   [Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Serv-ant, § 427.]

   Hirschberg, P. J., dissenting.

Appeal from Trial Term, Kings County.

Action for personal injuries by William E. Lowery against the Huntington Light & Power Company. From a judgment for defend-ant, plaintiff appeals. Affirmed.

   Reargument of an appeal by the plaintiff from a judgment of the Supreme Court, entered in the office of the clerk of the county of Kings on the 31st day of January, 1906, dismissing the plaintiff's complaint. The plaintiff was an employé of the defendant as one of a gang of five men trimming trees so as to admit the stringing of the defendant's electrical wires. Slack-bower was foreman of the gang and pointed out a tree for trimming. The plaintiff and another climbed that tree, attached a rope to a limb, and cast the rope over a crotch of the tree above the limb, so that the loose end of the rope dropped to the ground. They then sawed off this limb, which fell or rested upon a lower and larger limb. Then they sawed off this larger and