rendered during the emergency period.   1 Elliott on Railroads, §§ 221A, 222, and 223, and cases there cited.

I think the plaintiff's exceptions should be sustained, and a new trial ordered.

---

### In re PERRY.

(Supreme Court, Appellate Division, Second Department.   December 30, 1908.)

1. EXECUTORS AND ADMINISTRATORS (§ 506*) — SETTLEMENT OF ACCOUNT — OWNERSHIP OF PROPERTY BY DECEASED—BURDEN OF PROOF.
   In proceedings to settle an account of an executrix, the burden of proof is on exceptants to show that testatrix owned at her death certificates of corporate stock, claimed by them not to have been accounted for.
   [Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 2170–2172; Dec. Dig. § 506.*]

2. GIFTS (§ 47*)—CORPORATE STOCK—PRESUMPTIONS—PRESUMPTIVE EVIDENCE.
   A gift by a testatrix to her executrix of certificates of stock in the latter's possession, on the back of which were blank assignments signed by the former and witnessed by the latter, is not to be presumed.
   [Ed. Note.—For other cases, see Gifts, Dec. Dig. § 47.*]

3. CORPORATIONS (§ 139*)—SALE OF STOCK—PRESUMPTIONS—PRESUMPTIVE EVIDENCE.
   A sale by a testatrix to her executrix of certificates of stock in the latter's possession, on the back of which were blank assignments signed by the former and witnessed by the latter, is not to be presumed.
   [Ed. Note.—For other cases, see Corporations, Dec. Dig. § 139.*]

4. PROPERTY (§ 9*)—OWNERSHIP—PRESUMPTION OF CONTINUANCE.
   The ownership of property, being once proven to exist at a particular time, is presumed to continue.
   [Ed. Note.—For other cases, see Property, Dec. Dig. § 9;* Evidence, Cent. Dig. § 87.]

5. PROPERTY (§ 9*)—NONNEGOTIABLE INSTRUMENTS—PRESUMPTION OF OWNERSHIP FROM POSSESSION.
   Mere possession of a nonnegotiable instrument does not carry a presumption of ownership in the possessor.
   [Ed. Note.—For other cases, see Property, Dec. Dig. § 9.*]

6. EXECUTORS AND ADMINISTRATORS (§ 506*)—ACCOUNTING—EVIDENCE—CORPORATE STOCK—EVIDENCE AS TO TITLE.
   Evidence in an accounting by an executrix on the issue whether all the testatrix's property had been accounted for *held* to show that a testatrix owned certain shares of corporate stock at the time of her death.
   [Ed. Note.—For other cases, see Executors and Administrators, Dec. Dig. § 506.*]

Appeal from Surrogate's Court, Kings County.

In the matter of the judicial settlement of the account of Arline A. Perry, executrix of Anne Marchant Stacy, deceased.   From a decree settling the account, and also from a supplemental decree and an amendatory supplemental decree in the same matter, parties excepting to the account appeal.   Decree modified.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

William H. Hamilton (Norman C. Conklin, on the brief), for appellants.

Charles W. Church, Jr., for respondent.

GAYNOR, J.   The appellants excepted to the account of the administratrix, the respondent, on the ground that she had omitted therefrom a certificate of 100 shares of stock of the Chesapeake & Ohio Railroad Company.   The burden of proof was on the exceptants to show that the deceased testatrix owned the said certificate at her death. They proved that the testatrix's husband owned the said shares, and left the same to her by will, with certificates of shares in three other companies; that 23 days before her death she had the said certificates of all of the said shares changed to new certificates in her own name from that of her deceased husband's; that some time during the said 23 days (the day not being ascertainable) she signed the blank assignments on the back of the said new certificates, the said executrix signing as the subscribing witness thereto; that the deceased kept a box in a safe deposit warehouse, to which the said executrix had access; that the day after the death of the testatrix the said executrix went to it; that 3 days thereafter she delivered all of the said certificates to a firm of brokers for sale and transfer on the said blank endorsements; that the transfers were stopped by the companies on discovery by them that the testatrix was dead; that up to that time the said executrix had taken no steps to probate the will, although she knew of it; that thereafter she caused the will to be probated and qualified as executrix; that in her account she charged herself with all of the said shares except those of the said Chesapeake & Ohio Railroad Company.   All of the certificates were produced in court by counsel for the executrix.   Ownership in the testatrix being proved, the usual presumption of the continuance thereof existed, and was strengthened, if that could be, or were necessary, by the said conduct of the administratrix.   She put in no evidence.   A gift to her by the testatrix is not to be presumed, nor a sale.   On the contrary, the presumption was of a continuance of ownership by the testatrix, as already stated. Mere possession of a nonnegotiable instrument does not carry a presumption of ownership in the possessor.   Cuyler v. Wallace, 183 N. Y. 291, 76 N. E. 1;  Matter of Bolin, 136 N. Y. 177, 32 N. E. 626. The refusal of the surrogate to find that the testator owned the said shares at the time of her death was error.

The decree should be modified accordingly.

Decree of the Surrogate's Court of Kings county modified, so as to decree that the testator owned the shares of stock at the time of her death, and, as so modified, affirmed, with costs to the appellants.   All concur.