In the Matter of the Accounting of SUSAN M. WATSON et al., as Executors of MARY C. HOFFMAN, Deceased, Respondents.

MARGARET H. GALLATIN, Appellant.

Surrogate's Court — jurisdiction to determine ownership of personal property alleged to belong to estate but claimed by an executor — not affected by fact that only one of two executors makes claim.

Under former section 2731 of the Code of Civil Procedure, now section 2679, a surrogate has jurisdiction to determine an issue raised by objections to executors' accounts that they had failed to account for certain personal property alleged to have belonged to the testatrix at the time of her death, ownership of which was claimed by one of said executors. The fact that there are two accounting executors, only one of whom lays claim to the property in dispute, should not deprive the Surrogate's Court of jurisdiction which it would possess in case that one were the only executor. (§ 2472, now § 2510, subd. 4.) It is the allegation that the property to which the accounting party lays claim belongs to the estate, not the actual fact of ownership, which gives the court jurisdiction. (*Matter of Schnabel,* 202 N. Y. 134, distinguished.)

*Matter of Watson,* 165 App. Div. 252, reversed.

(Argued April 13, 1915; decided June 1, 1915.)

14

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered December 31, 1914, which affirmed a decree of the New York County Surrogate's Court judicially settling the accounts of the executors of Mary C. Hoffman, deceased.

*Albert Stickney* and *Adrian H. Larkin* for appellant. The controversy raised by the objections is precisely within the provisions of sections 2731 and 2472 of the Code of Civil Procedure in effect prior to September 1, 1914. (*Matter of Adams,* 51 App. Div. 619; *Matter of Westerfield,* 32 App. Div. 324; *Matter of Arkenburgh,* 58 App. Div. 583; *Matter of Archer,* 51 Misc. Rep. 260; *Matter of Ammarell,* 38 Misc. Rep. 399; *Matter of Niles,* 142 App. Div. 198; *Matter of Perry,* 129 App. Div. 587; *Sexton* v. *Sexton,* 64 App. Div. 385; *Matter of Goundry,* 57 App. Div. 232; *Matter of Munson,* 70 Misc. Rep. 461.) The question at issue was whether any transfer had ever been made. Such a controversy has always been held to be within the jurisdiction of the Surrogate's Court. (*Matter of Schnabel,* 202 N. Y. 134.)

*Paul R. Towne* for respondents. The Surrogate's Court had no jurisdiction to pass upon the questions raised by the appellant involving title to the articles of jewelry which Mrs. Watson claimed. (*Matter of Cunard,* 7 N. Y. Supp. 553; *Matter of McGuire,* 106 App. Div. 131; *Matter of Slingerland,* 36 Hun, 575; *Matter of Richardson,* 31 Misc. Rep. 666; *Matter of McCarty,* 47 N. Y. Supp. 1127.)

MILLER, J. The question involved in this appeal is whether the surrogate had jurisdiction to determine the issue raised by the objections to the executors' account interposed by the appellant to the effect that the executors had failed to account for a ruby ring and a pearl necklace which it was alleged belonged to the testatrix at the time of her death. One of the accounting execu-

tors, a daughter of the testatrix, claimed that the ring and necklace had been given to her by her mother. The surrogate referred the matter to a referee, who reported in favor of the appellant. So much of the report as related to that subject was overruled by the surrogate on two grounds, viz.: (1) That the appellant had not sustained the burden of showing that the property omitted from the schedule of account belonged to the estate of the testatrix, and (2) that in any event the surrogate did not have jurisdiction to determine the matter. The Appellate Division passed on the question of jurisdiction only and affirmed the decree "without prejudice to the appellant's right to the maintenance of an action to recover for the estate of the testatrix the articles involved in this appeal."

The Appellate Division decided the case on the authority of *Matter of Schnabel* (202 N. Y. 134), in which it was decided that section 2731 of the Code of Civil Procedure had not conferred general equitable jurisdiction on the Surrogate's Court, *e. g.*, to set aside a transfer as fraudulent and void as to creditors. The appellant in this case merely invoked the jurisdiction of the surrogate to compel an executor to account for the property of his testator, and the exercise of that jurisdiction depended solely on the determination of the question of fact whether the property belonged to the testatrix at the time of her death. If the mere assertion of a claim of ownership by an executor ousts the surrogate of jurisdiction to compel an account of the property of the testator, it will be a simple matter to accomplish that result in every case in which an executor may prefer some other tribunal. Section 2731 of the Code of Civil Procedure, prior to the amendment of 1914, provided in part as follows: "On the judicial settlement of the account of an executor or administrator, he may prove any debt owing to him by the decedent. Where a contest arises between the accounting party and any of the other parties respecting property alleged to

belong to the estate, but to which the accounting party lays claim either individually or as the representative of the estate, or respecting a debt, alleged to be due by the accounting party to the decedent, or by the decedent to the accounting party, the contest must, except where the claim is made in a representative capacity, in which case it may, be tried and determined in the same manner as any other issue arising in the surrogate's court." It would seem that the present case falls within both the letter and the spirit of the provision just quoted. The learned surrogate, however, thought otherwise for the reason that there are two accounting parties in this case and the statute uses the singular number, "accounting party," and for the further reason that the property in question did not belong to the estate of the testatrix. The first reason takes a too narrow view of the statute and the second is based on a decision of the very question which it was thought the surrogate did not have jurisdiction to decide. Section 2472, subd. 4, of the Code of Civil Procedure (ed. 1913) provides that the Surrogate's Court has jurisdiction *inter alia* to enforce "the payment or delivery, by executors, administrators, and testamentary trustees, of money or other property in their possession, belonging to the estate." The fact that there are two accounting executors, only one of whom lays claim to the property in dispute, should not deprive the Surrogate's Court of jurisdiction, which it would possess in case that one were the only executor. We are not concerned now with the decree to be entered in such a case, but only with the jurisdiction of the surrogate to determine the conflicting claims of the estate and of the executor individually to the property in dispute, and to protect the rights of the parties by a proper decree according to the circumstances of the particular case.

Where a contest arises respecting property " alleged to belong to the estate, but to which the accounting party lays claim, * * * individually * * * the contest must * * * be tried and determined in the same manner as

any other issue arising in the surrogate's court." It is the allegation that the property to which the accounting party lays claim belongs to the estate, not the actual fact of ownership, which gives the court jurisdiction. If the surrogate had decided the fact of ownership against the appellant, the unanimous affirmance of the finding by the Appellate Division would have deprived this court of jurisdiction to review it; but the surrogate declined jurisdiction to decide the contest on the assumption that the merits of it were with the accounting party and the decision of the Appellate Division was solely on the question of jurisdiction.

That the Surrogate's Court has jurisdiction to try and determine the issues arising upon such a contest as was involved in this case has been held by different surrogates (*Matter of Ammarell*, 38 Misc. Rep. 399; *Matter of Finn*, 44 Misc. Rep. 622; *Matter of Archer*, 51 Misc. Rep. 260; *Matter of Munson*, 70 Misc. Rep. 461), by the Appellate Divisions in the third and second departments (*Matter of Goundry*, 57 App. Div. 232; *Matter of Niles*, 142 App. Div. 198; *Sexton* v. *Sexton*, 64 App. Div. 385; *Matter of Cavanagh*, 121 App. Div. 200; *Matter of Perry*, 129 App. Div. 587), and by this court in affirming without opinion *Sexton* v. *Sexton*, *supra* (174 N. Y. 510), and it was assumed, though the point does not appear to have been raised, in *Matter of Van Alstyne* (207 N. Y. 298).

Plainly the Surrogate's Court has jurisdiction to try and determine issues arising upon any contest respecting a debt alleged to be due by the accounting party to the decedent or by the decedent to the accounting party. With equal reason it should have jurisdiction to determine conflicting claims of ownership to personal property between an accounting party and his estate. The trial and determination of such issues falls far short of the exercise of general equitable jurisdiction, and we think that the statute was intended to confer jurisdiction in both classes of cases.

On the question of the burden of proof it is sufficient to say that the surrogate did not attach sufficient importance to the undisputed fact that the property in dispute was owned and possessed by the testatrix up to within a short time before her death. (See *Matter of Perry, supra.*)

The order of the Appellate Division and decree of the surrogate should be reversed and the proceeding remitted to the Surrogate's Court, with costs to abide the final award of costs.

WERNER, HISCOCK, CHASE, COLLIN, HOGAN and CARDOZO, JJ., concur.

Order and decree reversed, etc.