FRIBOURG v. EMIGRANT INDUSTRIAL SAVINGS BANK et al.
(No. 7594.)

(Supreme Court, Appellate Division, First Department. July 9, 1915.)

1. Courts &lrhar;200½—Surrogate's Court—Jurisdiction—Scope of Inquiry —Claim of Title by Executrix.

The Surrogate's Court, settling the accounts of an executrix after notice to all persons interested, including the plaintiff, had no jurisdiction to determine the ownership of a bank deposit standing in the name of the deceased and claimed to have been set over to plaintiff in his lifetime, and could not have determined it if an objection had been filed to the inclusion of the item among the assets of the estate, and plaintiff was not concluded by its approval of the item in the account, to which he could not have effectively objected.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 479; Dec. Dig. &lrhar;200½.]

2. Judgment &lrhar;640—Estoppel—Issues.

In such case, if plaintiff was under no obligation to raise the issue as to the ownership of the deposit by objection to the account, she was not estopped because she did not do so, as one cannot be concluded to speak where there is no duty to do so, and when it would be ineffectual.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1154; Dec. Dig. &lrhar;640.]

Appeal from Special Term, New York County.

Action by Louisa Fribourg against the Emigrant Industrial Savings Bank, in which Esther Robitscher, as executrix of the last will and testament of Frederick Robitscher, deceased, was interpleaded. From an order (88 Misc. Rep. 282, 151 N. Y. Supp. 807) overruling a demurrer to a separate defense, plaintiff appeals. Reversed, and demurrer sustained.

See, also, 153 N. Y. Supp. 1115.

Argued before, INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

Frederick L. Guggenheimer, of New York City, for appellant.
Ferdinand E. M. Bullowa, of New York City, for respondent.

SCOTT, J. This action was originally brought against the defendant Savings Bank to recover the amount of a deposit standing in the name of Frederick Robitscher, now deceased, and which, as it is claimed, was given, transferred, set over, and delivered to plaintiff by said Frederick Robitscher during his lifetime. Upon motion Esther Robitscher, as executrix of the last will and testament of said Frederick Robitscher, deceased, was interpleaded, and to a defense set up in her answer the plaintiff demurs.

That defense in brief is that heretofore the defendant, as such executrix, duly filed her accounts in the Surrogate's Court, and that such proceedings were thereupon had, upon due notice to all persons interested in the estate, including the plaintiff herein, who was a legatee under the will of said Frederick Robitscher, that a decree was duly made and entered judicially settling and allowing the account as filed, and directing the distribution of the moneys in the hands of the

executrix, including the amount of the deposit to which plaintiff now makes claim. In her account and schedules the respondent listed the deposit in controversy as a part of the estate of Frederick Robitscher, deceased, for which she was accountable.

[1] It is now claimed that the decree of the Surrogate's Court passing the account was a judicial determination, among other things, that the said deposit was a part of the estate, and that plaintiff, being a party to the proceeding is bound thereby. In my opinion this claim is unfounded. The plaintiff's claim is against the bank, and only incidentally against the estate, growing out of the fact that the estate also claims the fund. As I look at it, the Surrogate's Court had no jurisdiction to determine the ownership of the fund; and could not have decided it if an objection had been filed to the inclusion of the item among the assets of the estate, and certainly a party to an accounting proceeding is not concluded by the approval of an item in the account to which he could not have effectively objected.

We are referred to Matter of Watson (Court of Appeals, Law Journal, June 19, 1915) 109 N. E. 86, as a controlling authority in favor of respondent. I do not so consider. The question there was whether the surrogate had jurisdiction to pass upon a claim by one of the executrices to ownership of certain personal property which had belonged to the decedent, but which the executrix had omitted to include among the assets of the estate for which she was accounting. An objection to the account was duly filed by one entitled to share in the estate. There was presented a conflict between an accounting party and the estate for which she was undertaking to account, a very different case to that presented here. The whole discussion of the case in the opinion of the Court of Appeals seems to me to demonstrate that there is no analogy between that case and this.

[2] If plaintiff was under no obligation to raise the issue as to the ownership of the deposit by objection to the account, she cannot be held to be estopped because she did not do so, for one cannot be concluded to speak when there is no duty to do so, and when speaking would be ineffectual.

In my opinion, the order appealed from should be reversed, with $10 costs and disbursements, and the demurrer sustained, with $10 costs. All concur.