LOUISA FRIBOURG, Appellant, v. EMIGRANTS INDUSTRIAL SAV-
INGS BANK, Defendant, Impleaded with ESTHER ROBIT-
SCHER, as Executrix, etc., of FREDERICK ROBITSCHER,
Deceased, Respondent.

(*Supreme Court, Appellate Division, First Department, July* 9, 1915.)

DECEDENT'S ESTATE—JURISDICTION OF SURROGATE—CONFLICTING CLAIMS TO
SAVINGS BANK DEPOSIT—WHEN DECREE OF SURROGATE NO BAR TO ACTION.
   The Surrogate's Court has no jurisdiction to determine whether a
savings bank deposit formerly owned by a decedent belongs to his estate
or to a claimant to whom it is alleged he assigned it during his lifetime.
Hence, although the representative of the deceased included the amount
of said deposit in her accounts which were judicially settled and allowed
by the surrogate, such decree is not a bar to an action brought by the
other claimant against the savings bank to recover the amount of the
deposit.
   The claimant to the deposit was not obliged to raise the issue as to her
ownership in the Surrogate's Court by objecting to the account of the
representative.

APPEAL by the plaintiff, Louisa Fribourg, from an order of
the Supreme Court, made at the New York Special Term and
entered in the office of the clerk of the county of New York on
the 21st day of December, 1914, overruling a demurrer to a
separate defense contained in the amended answer of the
respondent.

Frederick L. Guggenheimer, for the appellant.

Ferdinand E. M. Bullowa, for the respondent.

SCOTT, J.—This action was originally brought against the
defendant savings bank to recover the amount of a deposit stand-
ing in the name of Frederick Robitscher, now deceased, and
which as it was clamed was given, transferred, set over and
delivered to plaintiff by said Frederick Robitscher during his

lifetime. Upon motion Esther Robitscher, as executrix of the last will and testament of said Frederick Robitscher, deceased, was interpleaded, and to a defense set up in her answer the plaintiff demurs.

That defense in brief is that heretofore the defendant as such executrix duly filed her accounts in the Surrogate's Court and that such proceedings were thereupon had upon due notice to all persons interested in the estate, including the plaintiff herein who was a legatee under the will of said Frederick Robitscher, that a decree was duly made and entered judicially settling and allowing the account as filed, and directing the distribution of the moneys in the hands of the executrix, including the amount of the deposit to which plaintiff now makes claim. In her account and schedules the respondent listed the deposit in controversy as a part of the estate of Frederick Robitscher, deceased, for which she was accountable.

It is now claimed that the decree of the Surrogate's Court passing the account was a judicial determination, among other things, that the said deposit was a part of the estate, and that plaintiff, being a party to the proceeding, is bound thereby.

In my opinion this claim is unfounded. The plaintiff's claim is against the bank, and only incidentally against the estate, growing out of the fact that the estate also claims the fund. As I look at it the Surrogate's Court had no jurisdiction to determine the ownership of the fund and could not have decided it if an objection had been filed to the inclusion of the item among the assets of the estate, and certainly a party to an accounting proceeding is not concluded by the approval of an item in the account to which he could not have effectively objected.

We are referred to Matter of Watson (215 N. Y. 209) as a controlling authority in favor of respondent. I do not so consider. The question there was whether the surrogate had jurisdiction to pass upon a claim by one of the executrices to ownership of certain personal property which had belonged to

the decedent, but which the executrix had omitted to include among the assets of the estate for which she was accounting. An objection to the account was duly filed by one entitled to share in the estate. There was presented a conflict between an accounting party and the estate for which she was undertaking to account, a very different case to that presented here. The whole discussion of the case in the opinion of the Court of Appeals seems to me to demonstrate that there is no analogy between that case and this.

If plaintiff was under no obligation to raise the issue as to the ownership of the deposit by objection to the account, she cannot be held to be estopped because she did not do so, for one cannot be concluded to speak when there is no duty to do so, and when speaking would be ineffectual.

In my opinion the order appealed from should be reversed, with ten dollars costs and disbursements, and the demurrer sustained, with ten dollars costs.

INGRAHAM, P. J., CLARKE, DOWLING and HOTCHKISS, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and demurred sustained, with ten dollars costs.