### Matter of the Estate of SOLOMON ISAACS, Deceased. (No. 1.)

(Surrogate's Court, New York County, April, 1918.)

Jurisdiction — Surrogate's Court — when motion to punish administrator for contempt granted — service — executors and administrators — Code Civ. Pro. §§ 2510, 2554.

Upon a motion to punish an administrator for contempt in failing to comply with a decree of the Surrogate's Court directing the distribution of the estate of decedent, the surrogate may refuse to consider any questions except the jurisdiction of the court to make the decree and the alleged failure of the administrator to comply therewith.

The surrogate cannot exercise equitable jurisdiction under section 2510 of the Code of Civil Procedure if the facts of the matter before him bring it within the requirement of section 2554 of said Code which prescribes in detail how and when the jurisdiction must be exercised.

Where the jurisdiction of the surrogate to make a decree directing the distribution of an estate is not questioned and it

appears that a certified copy of the decree was duly served upon the administrator and that he has failed to make the payments and the distribution provided for in and by said decree, except in part, the motion to punish him for contempt will be granted.

MOTION to punish an administrator for contempt.

O'Gorman, Battle & Vandiver (James A. O'Gorman, of counsel), for Beatrice E. Isaacs.

Stanchfield & Levy (George L. Ingraham, of counsel), for Alfred F. Isaacs.

FOWLER, S. Beatrice Eleanore Isaacs, a daughter of the deceased, obtained an order from this court directing Alfred F. Isaacs, administrator of the estate of the deceased, to show cause why he should not be punished for contempt because of his failure to comply with a decree of this court, dated June 30, 1916, which directed him to assign and deliver to Beatrice Eleanore Isaacs one-third of the interest of the deceased in the firm of Sol Isaacs & Co., an undivided one-third of thirty-seven shares of stock of the United States Printing Company, and an undivided one-third interest in four bonds of the Harmonie Club of New York. The decree also directed the administrator to deliver a similar share in the estate to Beatrice Eleanore Isaacs as executrix of the estate of Jeanne F. Isaacs.

Solomon Isaacs died on August 20, 1915. His next of kin were Jeanne F. Isaacs, widow; Alfred F. Isaacs, a son, and Beatrice Eleanore Isaacs, a daughter. An application was made to this court by Alfred F. Isaacs for letters of administration upon the estate of the deceased, and such letters were duly issued to him on September 5, 1915. The widow of the deceased died

on May 8, 1916, and letters testamentary on her estate were issued to her daughter, Beatrice Eleanore Isaacs.

Albert F. Isaacs, as administrator of the estate of the deceased, filed his account in this court, and all the parties in interest waived service of citation in the accounting proceeding and consented to the entry of a decree settling the account as filed. The decree was entered on June 30, 1916; on January 7, 1918, a certified copy of the decree was served upon the administrator by Beatrice Eleanore Isaacs, and a demand made for a compliance with its provisions in relation to the property directed to be transferred and delivered to her individually and as executrix of the estate of Jeanne F. Isaacs.

The administrator alleges in paragraph II of his affidavit, verified January 24, 1918, that he has "fully performed and complied with each and every one of the terms and provisions of said decree," but in paragraph XXVI he admits that the property mentioned in the receipts signed by the petitioner has not been transferred to Beatrice Eleanore Isaacs either individually or as executrix of the estate of Jeanne F. Isaacs. The property mentioned in the receipts is the property which the administrator is directed by the decree to assign and deliver to Beatrice Eleanore Isaacs. He contends, however, that by virtue of an alleged agreement entered into on September 10, 1915, by Jeanne F. Isaacs, Beatrice Eleanore Isaacs and himself, as all the next of kin of the deceased, he is relieved from complying with the provisions of the decree directing distribution of the estate. The alleged agreement provided for a distribution of the estate entirely different from that provided by the decree of this court.

The contention of the administrator raises the preliminary question as to whether upon this application to punish him for contempt because of his failure to

comply with the decree of this court directing distribution of the estate of the deceased the surrogate should determine the validity and sufficiency of the reasons alleged for the failure of the administrator to comply with the terms of the decree or should confine himself to the determination of the existence of the jurisdictional facts and the compliance or non-compliance of the administrator with the provisions of the decree. In *Matter of Snyder,* 103 N. Y. 178, the court said that " the investigation before the surrogate might properly have been limited to the matter contained in it, *i. e.,* the service of the decree and the facts of the neglect constituting its violation." And in *Matter of Pye,* 18 App. Div. 306, the court said that: " The motion to charge the appellant with contempt having been regularly conducted, presented for consideration the question only, whether the court had jurisdiction to make the order with which his disobedience was charged and established in such manner as to subject him to that implication." From these cases it would appear that the surrogate may refuse to consider any question upon this application except the jurisdiction of the court to make the decree which directed distribution of the estate of the deceased and the alleged failure of the administrator to comply with the provisions of that decree.

It is contended, however, on behalf of the respondent that the surrogate is given power under section 2510 of the Code to hear and determine all questions, legal and equitable, that are presented by the pleadings in this proceeding, and that he may therefore determine whether the allged agreement entered into between the administrator and the other next of kin of the deceased was valid and relieved him from the necessity of complying with the provisions of the decree. An examination of the cases in which the equitable jurisdiction of

Surrogate's Court, New York County, April, 1918. [Vol. 103.

the court under section 2510 has been invoked does not disclose any decision which could be regarded as authority for the contention of the respondent. The first decision of an appellate court in relation to the powers granted to surrogates under the new section, 2510, was *Matter of Holzworth,* 166 App. Div. 150, where it was held that that section did not empower the surrogate to make an order directing distribution in kind when the facts did not show a compliance with the requirements of section 2736 of the Code. In *Firbourg* v. *Emigrant Industrial Savings Bank,* 168 App. Div. 816, it was held that the Surrogate's Court did not have jurisdiction under section 2510 to determine the question of ownership of funds in a savings bank when the funds were claimed by an executrix, on behalf of her estate, and by another person. In *Matter of Hermann,* 178 App. Div. 182, it was held that the surrogate had no power to determine whether a person who made a joint will could subsequently make a will revoking the joint will and making other disposition of his property. The court said: " The general phrases contained in this section by which equitable jurisdiction was given surrogates are limited to its exercise in cases (1) when the question acted on was necessary to be determined in order to make a full equitable and complete disposition of the matter being considered, and (2) in the manner prescribed by statute." And in *Matter of Heinze,* 179 App. Div. 453, it was said that the new section, 2510, enlarging the jurisdiction of the Surrogate's Court, did not transform that court into one of general jurisdiction in law and equity, but only empowered it to deal with matters relating to the estate of a decedent. In that case an administrator had applied to the court for permission to enter into a contract in relation to the property of the deceased. A third party appeared and attempted to intervene,

alleging that the property which was the subject of the proposed contract had already been sold to it by a former administrator. It was held that the Surrogate's Court did not have power to determine that question, and that the third party should not be allowed to intervene.

I am not aware of any decision of the Court of Appeals on a question involving the equitable powers granted to surrogates by section 2510 of the Code. The decision in *Matter of Holzworth (supra)* was affirmed by the Court of Appeals without opinion, but that case merely decided that the surrogate could not under section 2510 proceed contrary to the express provisions of section 2736. *Matter of Watson,* 215 N. Y. 209, where the court held that a surrogate had power to determine the ownership of personal property when such property was claimed by the accounting party and by the estate, was decided upon facts arising before the new section, 2510, went into effect.

It is apparent from the decisions above referred to that there is some doubt concerning the extent of the equitable jurisdiction conferred upon the Surrogate's Court by section 2510. It appears that if the statute expressly regulates the procedure, or prescribes the legal effect of certain acts, the surrogate cannot deviate from the statutory requirements in order to apply equitable principles to the determination of the question presented. As all proceedings in the Surrogate's Court are regulated by statute, there would appear to be little room for the exercise of the equitable jurisdiction supposed to be granted by section 2510. The only case which has been brought to my attention where the court exercised jurisdiction derived from section 2510 is *Matter of Brewster,* 92 Misc. Rep. 339. In that matter the surrogate of Kings county held that he

had jurisdiction to determine whether releases alleged to have been given by a legatee were valid.

While subdivision 4 of section 2510 confers upon the surrogate jurisdiction: " To enforce the payment * * * or delivery, by executors and administrators * * * of money or other property in their possession, belonging to the estate," section 2554 prescribes in detail how and when the jurisdiction must be exercised. That section provides that a decree of the Surrogate's Court " directing the payment of money, or requiring the performance of any other act, may be enforced by serving a certified copy thereof upon the party against whom it is rendered * * * and if he refuses to obey it, by punishing him for a contempt of court." It would seem, therefore, that the jurisdiction given to the surrogate in section 2510 is limited by the provisions of section 2554, and that he cannot exercise equitable jurisdiction under section 2510 if the facts of the matter before him bring it within the requirements of section 2554.

But whatever may be the extent of the jurisdiction conferred upon the Surrogate's Court by section 2510, I am inclined to think that it does not authorize me to determine the validity of the alleged agreement entered into between Jeanne F. Isaacs, Beatrice Eleanore Isaacs and Albert F. Isaacs concerning their interests in the property left by the deceased. That agreement was not entered into by Albert F. Isaacs as administrator of the estate of the decedent, nor was it entered into in accordance with the terms of a stipulation filed in this court or in connection with a settlement or compromise of the issues raised and awaiting adjudication in this court. It was a personal agreement between the parties without regard to any proceeding in this court, and I am inclined to think

that the surrogate has no jurisdiction to determine its validity.

The only question, therefore, for the surrogate to determine is whether this court had jurisdiction to make the decree directing the distribution of the estate of the deceased and whether the administrator has failed to obey it. The jurisdiction of the court to make the decree is not questioned by the administrator. I find that a certified copy of the decree was duly served upon the administrator and that he has failed to make the payments and the distribution provided for and directed in folios 9 and 10 of the decree, except as to the stock of the United States Printing Company. He has therefore failed to comply with the decree of this court and the motion to punish him for contempt is granted.

Motion granted.