In the Matter of the Estate of F. AUGUSTUS HEINZE,
Deceased.

In the Matter of the Application of WALTER A. FULLER-
TON, as Administrator, Appellant.

EDWIN GOULD, Intervening, Appellant; MADISON REAL
PROPERTY AND SECURITY COMPANY et al., Respondents.

Surrogate's Court — proceeding by administrator to obtain
possession of stock sold by his predecessor but not delivered
and held by bank to be delivered when paid for by purchaser —
Surrogate's Court has no jurisdiction to order stock returned
to the petitioner.

Decedent was the owner of certain shares of stock. His adminis-
tratrix made a contract to sell these shares to a corporation. Some of
the shares were delivered and paid for at the time; the larger number
however, were deposited with a bank, to be delivered from time to
time as demanded and paid for by the buyer, some of which have
since been delivered. Thereafter the administratrix, who made the
sale, was removed, and the petitioner herein was appointed in her
place. He gave notice to the depositary, to the buyer, and to the
buyer's assignee that he disaffirmed the contract. He charged the
administratrix with fraud and abuse of power. Buyer and assignee
thereupon tendered the full price, and demanded delivery. On the
depositary's refusal, they brought actions in the Supreme Court for
specific performance, joining the administrator as a party. Those
actions are still pending. The administrator now seeks to supersede

1

them by a summary proceeding. He has filed in the Surrogate's Court a petition that the depositary be directed to return the certificates of stock remaining on deposit. The surrogate has held that the price was inadequate to the knowledge of the buyer; that the agent for the buyer was also the agent for the seller, and that his concealment of the true value was an abuse of a confidential relation, which stamped the sale as fraudulent. An order was made that the depositary return the shares to the petitioner. The Appellate Division reversed the order on the ground that the surrogate was without jurisdiction to make it.

*Held, first,* that the remedy under sections 2675 and 2676 of the Code of Civil Procedure, even in its broadened form, is without application to this case. Its primary purpose is still inquisitorial. Its aim is a discovery which will bring the decedent's assets within the executor's dominion. It does not reach a case where the executor has gained dominion, and the only question is whether he has exercised his dominion rightfully and that is the situation here.

*Second,* that section 2734 is also inapplicable. Adverse claims of title or of the right to possession made by third persons in good faith and on substantial grounds are not to be litigated in proceedings under this section. The statute reaches the case of one who concedes himself to be a mere custodian or agent, or one whose claim of right is frivolous or merely colorable. It does not contemplate a trial of title where there is a real and substantial controversy.

*Matter of Heinze,* 181 App. Div. 915, affirmed.

(Argued April 23, 1918; decided May 28, 1918.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered January 5, 1918, which reversed a decree of the Saratoga County Surrogate's Court directing delivery to the petitioner, as administrator of the estate of F. Augustus Heinze, deceased, of certain shares of stock, and dismissed the petition.

The facts, so far as material, are stated in the opinion.

*James A. Leary* for petitioner, appellant. The surrogate had jurisdiction of this proceeding. (Code Civ. Pro. §§ 2675, 2676, 2734; *McQuaide* v. *Perot,* N. Y. L. J., March 21, 1918.)

*Ralph Royall* for Edwin Gould, appellant. The surrogate had jurisdiction in this proceeding. (*Madison R. P. & S. Co.* v. *Fullerton*, N. Y. L. J. Dec. 13, 1916; *Empire Kaolin Co.* v. *Fullerton*, N. Y. L. J. Nov. 28, 1916; *Matter of Watson*, 215 N. Y. 209.)

*Walter H. Dodd* for Empire Kaolin Company, respondent. The surrogate never has had general equitable jurisdiction such as would enable him to set aside the contract of sale with respondent and the new Surrogate's Law did not give him such jurisdiction. (35 Cyc. of Law & Procedure, 331; *Matter of Schnabel*, 202 N. Y. 134; *Matter of Moller*, N. Y. L. J., June 7, 1916; *Matter of Heinze*, 179 App. Div. 453; *Freiberg* v. *E. I. Savings Bank*, 168 App. Div. 816.)

*Franklin Bien* for Madison Real Property and Security Company, respondent. The surrogate had no jurisdiction to try this question of title. (*Matter of Heinze*, 179 App. Div. 453.)

*Emil J. Villanyi* for Mutual Bank, respondent.

CARDOZO, J. F. Augustus Heinze was the owner at the time of his death of 450,000 shares of the stock of the West Dome Company, a mining corporation. On December 31, 1915, his administratrix, Ida M. Fleitmann, made a contract to sell these shares to the Empire Kaolin Company, a corporation controlled by her brother, Otto C. Heinze. The price was to be 20 cents a share. Fifty thousand shares were delivered at once upon payment of $10,000. Four hundred thousand shares were deposited with the Mutual Bank, to be delivered from time to time as demanded and paid for by the buyer. The payments were to be completed, however, within three years. The Empire Kaolin Company assigned to another corporation its rights in half the shares deposited. Since

then thirty thousand shares have been delivered by the depositary. Three hundred and seventy thousand shares remain.

In August, 1916, Mrs. Fleitmann was removed as administratrix, and the petitioner, Mr. Fullerton, was appointed in her place. He gave notice to the depositary, to the buyer, and to the buyer's assignee, that he disaffirmed the contract. He charged the administratrix with fraud and abuse of power. Buyer and assignee thereupon tendered the full price, and demanded delivery. On the depositary's refusal, they brought actions in the Supreme Court for specific performance, joining the administrator as a party. Those actions are still pending. The administrator now seeks to supersede them by a summary proceeding. He has filed in the Surrogate's Court a petition that the depositary be directed to return the certificates of stock remaining on deposit. The surrogate has held that the price was inadequate to the knowledge of the buyer; that Otto C. Heinze, who was the agent for the buyer, was also the agent for the seller; and that his concealment of the true value was an abuse of a confidential relation, which stamped the sale as fraudulent. An order was made that the depositary return the shares to the petitioner. The Appellate Division reversed the order on the ground that the surrogate was without jurisdiction to make it. In that view we concur.

Two statutory remedies are invoked by the petitioner. Sections 2675 and 2676 of the Code of Civil Procedure are the source of one; section 2734 is the source of the other. We think that neither remedy is applicable here.

(1) Section 2675 was formerly section 2707. As amended in 1914 (L. 1914, ch. 443), it provides that " an executor or administrator may present to the Surrogate's Court from which letters were issued to him, a petition setting forth on knowledge, or information and belief,

any facts tending to show that money or other personal property which should be delivered to the petitioner, or included in an inventory or appraisal, is in the possession, under the control or within the knowledge or information of a person who withholds the same from him; or who refuses to impart knowledge or information he may have concerning the same, or to disclose any other fact which will aid such executor or administrator in making discovery of such property, and praying an inquiry respecting it, and that the respondent may be ordered to attend the inquiry and be examined accordingly, and to deliver the property if in his control. The petition may be accompanied by an affidavit or other written evidence, tending to support the allegations thereof. If the surrogate is satisfied, on the papers so presented, that there are reasonable grounds for the inquiry, he must make an order accordingly." Section 2676 provides that "if the person directed to appear submits an answer denying any knowledge concerning, or possession of, any property which belonged to the decedent in his lifetime, or shall make default in answer, he shall be sworn to answer truly all questions put to him touching the inquiry prayed for in the petition. If it appears that the petitioner is entitled to the possession of the property, the decree shall direct delivery thereof to him. If such answer alleges title to or the right to possession of any property involved in the inquiry, the issue raised by such answer shall be heard and determined and a decree made accordingly."

The right of an executor or administrator to compel discovery of the decedent's property is not a new one. It has a history recorded in legislation and decision. For many years the law was that in such a proceeding there could be no trial of title. If an opposing claim of title was put forward by sworn answer, the proceeding was dismissed (*Matter of Walker*, 136 N. Y. 20, 29; *Matter of*

*Gick*, 49 Misc. Rep. 32, and cases there cited). An amendment of the statute in 1903 (L. 1903, ch. 526) empowered the surrogate to determine whether the adverse claim had a substantial basis. Unless he found it frivolous, he left the parties to an action (*Matter of Gick*, 113 App. Div. 16, affg. 49 Misc. Rep. 32). The last amendment in 1914 permits a trial of title. If necessary, a jury may be summoned (Code Civ. Pro. § 2538). Delivery may then be decreed as the title may be found.

This remedy, even in its broadened form, is without application to the case before us. Its primary purpose is still inquisitorial (*Matter of Silverman*, 87 Misc. Rep. 571, 573, 574; *Matter of O'Brien* v. *Baker*, 65 App. Div. 282). Its aim is a discovery which will bring the decedent's assets within the executor's dominion. It does not reach a case where the executor has gained dominion, and the only question is whether he has exercised his dominion rightfully. That is the situation here. No one denies that these shares were part of the estate. The administratrix received them, controlled them, and then agreed to sell them. The question at issue is not the extent of the assets that were left by the decedent. The question is the propriety of the disposition of admitted assets by the decedent's personal representative. That is not an issue to be litigated in proceedings to discover the extent of the estate. It happens that a successor of the administratrix challenges her contract. If what she did was wrongful, she could with equal right have repudiated it herself (*Wetmore* v. *Porter*, 92 N. Y. 76; *Moss* v. *Cohen*, 158 N. Y. 240). Such contests must be waged elsewhere.

This conclusion makes it needless to consider other objections urged to the jurisdiction of the surrogate. Finding that the legal title to the chose in action passed to the depositary, the surrogate exercised the powers

of the chancellor, and set the title aside for fraud in its procurement. Whether that assumption of jurisdiction may be sustained, we need not now inquire (Code Civ. Pro. § 2510; *Matter of Kent*, 92 Misc. Rep. 113; *Matter of Kenny*, 92 Misc. Rep. 330; *Fribourg* v. *Emigrants Ind. S. Bank*, 168 App. Div. 816; *Matter of Hermann*, 178 App. Div. 182; affd., 222 N. Y. 564; *Matter of Schnabel*, 202 N. Y. 134; *Matter of Watson*, 215 N. Y. 209). The proceeding for discovery failed, and with it failed the right to any relief, whether equitable or legal.

(2) Section 2734 is also inapplicable. It provides that the surrogate shall have jurisdiction " when an executor, administrator, trustee or guardian has died, absconded, been removed, or become insane, to direct the person so removed, or any person or corporation having possession or control of any property belonging to such estate or fund, to deliver the same to the court or to a successor duly appointed." The Mutual Bank is not possessed of property belonging to the estate within the meaning of this section. Adverse claims of title or of the right to possession made by third persons in good faith and on substantial grounds are not to be litigated in proceedings for the removal of one administrator and the substitution of another. The statute reaches the case of one who concedes himself to be a mere custodian or agent, or one whose claim of right is frivolous or merely colorable (*Mueller* v. *Nugent*, 184 U. S. 1, 14, 15). It does not contemplate a trial of title where there is a real and substantial controversy.

The appellants concede that there is no jurisdiction under this section to set aside for fraud a voidable transaction. They say, however, that the contract made by the removed administratrix is not merely voidable, but void. They argue that she was without power to postpone the time of payment for three years. There was such a postponement here unless the buyer chose

to call for earlier delivery. But the argument will not hold. If there was any defect of power, there was surely none so obvious that an adverse claim of right becomes frivolous or fraudulent. But the truth is that the supposed defect of power is unreal. Section 2684 of the Code which authorizes a sale " on credit not exceeding one year, with approved security," does not apply. There was no sale on credit here (*Ketchum* v. *City of Buffalo*, 14 N. Y. 356, 364; *Nat. Bank of Commerce* v. *Merchants Nat. Bank*, 91 U. S. 92, 95). Title was not to pass until payment had been made. In the meantime, the depositary held the shares as a bailee. " The idea of a sale on credit is that the vendee is to have the thing sold on his assumption to pay, and before actual payment " (*Nat. Bank of Commerce* v. *Merchants Nat. Bank, supra*). There was, therefore, no statutory prohibition. The question remains whether there was any apart from statute. But at common law and in equity the rule was that the executor in disposing of the personal estate had with some few exceptions all the powers of an owner (*Carter* v. *Mfrs. Nat. Bank*, 71 Me. 448; *Petrie* v. *Clark*, 11 Serg. & R. [Pa.] 377; *Smith* v. *Ayer*, 101 U. S. 320, 326; *Jones* v. *Atchison, T. & S. F. R. R.*, 150 Mass. 304). Not only could he sell it. He could mortgage or pledge it (*Vane* v. *Rigden*, 5 Ch. App. 663, 669, 670; *Attenborough* v. *Solomon*, 1913 A. C. 76, 82; *Hemmy* v. *Hawkins*, 102 Wis. 56; *Beecher* v. *Buckingham*, 18 Conn. 110, 121; *Sherman* v. *Willett*, 42 N. Y. 146, 150). He had " *plenum dominium* " (*Attenborough* v. *Solomon, supra*). The contract, therefore, was not void. It may have been improvident and negligent. That depends upon the circumstances. If it was, the administratrix may be chargeable with the resulting loss (*Hasbrouck* v. *Hasbrouck*, 27 N. Y. 182). It is even possible that a court of equity may refuse specific performance. Those questions are not before us. The adverse right is based on grounds not merely

colorable, and finds an origin in a contract not void upon its face.

The order should be affirmed with costs.

HISCOCK, Ch. J., CHASE, COLLIN, CUDDEBACK, HOGAN and McLAUGHLIN, JJ., concur.

Order affirmed.