Louis Fishman, Plaintiff, v. Regina Weissberg and Others, Appellants. Aaron Kaufman, Respondent.— Judgment unanimously affirmed, with costs. No opinion.    Present — Kelly, P. J., Rich, Manning, Young and Lazansky, JJ.

575 West 159th Street Co., Inc., Appellant, v. David H. Edelsohn, Respondent.— Order denying plaintiff's motion for judgment on the pleadings affirmed, with ten dollars costs and disbursements. No opinion. Kelly, P. J., Rich, Manning, Young and Lazansky, JJ., concur.

Ethel G. Foster, Respondent, v. John C. Foster, Appellant.— Order granting plaintiff's motion for alimony and counsel fee, and custody of children *pendente lite*, affirmed, with ten dollars costs and disbursements. No opinion. Kelly, P. J., Rich, Manning, Young and Lazansky, JJ., concur.

Bessie Greenberg, Appellant, v. William Strauss, Respondent.— Order denying plaintiff's motion to set aside the verdict of the jury reversed upon the law and the facts, and a new trial granted, with costs to abide the event. We are of opinion that .upon the evidence of the plaintiff, the defendant introducing no evidence, defendant was negligent in permitting this curb pipe to remain in the sidewalk as he did, and in view of the fact that it was the protruding pipe which caused plaintiff to fall, and her consequent injury, the verdict was against the weight of the evidence. Kelly, P. J., Rich, Manning, Young and Lazansky, JJ., concur.

In the Matter of the Application of Henry C. Jackson, as Administrator, etc., of Elizabeth V. Jackson, Deceased, for an Inquiry Respecting the Personal Property of Said Decedent.— Decree and order of the Surrogate's Court of Kings county unanimously affirmed, with costs to the respondent, payable out of the estate. We think the testimony shows that the appellant by her own conduct has indicated that the jewelry was the property of the decedent. The surrogate had jurisdiction to determine the question of title when it was raised in this proceeding (*Matter of Heinze*, 224 N. Y. 1), and the appellant by her failure to raise an issue of title by answer, and by proceeding with the hearing, waived her right, if any, to a jury trial.    Present — Kelly, P. J., Rich, Manning, Young and Lazansky, JJ.

In the Matter of the Probate of the Paper Writing Propounded as the Last Will and Testament of Robert W. Scott, Deceased. Virginia C. Scott, Appellant; Harrison G. Reynolds and Others, as Executors, etc., and Others, Respondents.— Order of the Surrogate's Court of Suffolk county denying appellant's application to vacate and set aside decree admitting will to probate affirmed, with ten dollars costs and disbursements. No opinion. Kelly, P. J., Rich, Manning, Young and Lazansky, JJ., concur.