In the Matter of the Judicial Settlement of the Intermediate Account of Proceedings of ELLIOTT L. BROWN, as Executor of the Last Will and Testament of J. ROMAINE BROWN, Deceased.

Surrogate's Court, Westchester County, April 8, 1927.

**Surrogate's Court — jurisdiction — executor had corporation, which testator owned, sell real property and transfer proceeds thereof to him individually — executor claimed property as gift from testator — Surrogate's Court has jurisdiction on accounting to determine whether or not executor is entitled to retain money or is subject to be surcharged for loss to estate.**

The testator was the owner of a realty corporation. The executor claimed that certain parcels of real property belonging to the corporation were given to

him by the testator, and acting as a director and officer of the corporation, had the corporation sell the property and transfer the consideration to him individually. The Surrogate's Court on an intermediate accounting has jurisdiction to determine whether or not the executor individually is entitled to retain the money received from the sale of the property or whether he is subject to be surcharged for the value thereof at a loss to the estate. The main question is whether the market value of the stock of the realty corporation has been diminished by the action of the executor.

While the Surrogate's Court has only such power as is conferred upon it by statute, it has power in an accounting proceeding, where no third parties are involved, to determine the title or the right to possession of property which belonged to the deceased in his lifetime.

MOTION to strike out objections on intermediate accounting by executor.

*Russel W. Leary,* for the executor.

*Middlebrook & Sincerbeaux,* for certain legatees.

*David S. Murden,* special guardian.

SLATER, S. The special guardian for infants, owners of the remainder interest in two trust estates of large amount, has filed objections to the intermediate account. This motion seeks an order striking out the first four objections on the ground that the court had no jurisdiction of the subject-matter of the objections; that the court will have to try the title to land, and, therefore, it is without jurisdiction.

Briefly stated, J. Romaine Brown died November 5, 1924, ninety-two years of age. It appears that certain parcels of land at the death of the testator stood in the name of a realty corporation in which the testator owned all the stock. The account of proceedings submits copies of memorandum, not in testamentary form, or by way of a deed, indicating that testator desired Elliott L. Brown, the son and executor, to have several parcels of land then owned by the realty corporation. The value of the stock of the Nod-A-Way Company in the accounting is carried at a certain value. Of course, it is not inclusive of the value of the real estate claimed by the executor and conveyed by the company. Elliott L. Brown, the executor, claims said certain parcels of real estate as gifts. After the death of the testator the realty company conveyed some or all of such parcels of land to third persons designated by the executor, for valuable considerations which did not pass into the possession of the realty company, but to the executor, Elliott L. Brown, in his individual capacity. The money was retained by him on the theory that he was the owner of said parcels, although they were conveyed by the realty company

pursuant to resolution of the board of directors. At this time the executor was a director and an officer of said corporation.

The facts as presented on this motion raise the questions as to whether, even though the entire stock of a corporation is owned by an individual, the conveyance of its assets must not be pursuant to the corporation laws of the State, and be by corporate act, and whether a person can incorporate a company and thus hold real estate, obtain the benefits of the corporate laws of the State, and still treat the assets of such corporation in an individual manner.

It is the court's view of the law that it has jurisdiction to hear these particular objections. As between the parties hereto, and as no third parties are involved, it has the necessary jurisdiction to take proof of, and determine title to the real estate as an *incident* of the accounting. It has equitable powers incidental to statutory powers conferred upon it. (*Matter of Aldrich,* 194 App. Div. 815; *Matter of Beare,* 122 Misc. 519; *Matter of Haigh,* 125 id. 365; *Matter of Watson,* 215 N. Y. 209; *Fribourg* v. *Emigrants I. S. Bank,* 168 App. Div. 816; *Matter of Van Valkenburgh,* 128 Misc. 819.)

The Surrogate's Court has, so far as it is necessary to discharge the duties and functions conferred by statute, the power to make orders and decrees in matters of which it has jurisdiction and has all power, legal and equitable, necessary to accomplish that result. (*Matter of U. S. Trust Co.,* 175 N. Y. 304, 308.) It has jurisdiction for the very purpose of ascertaining and deciding whether the value of the stock of the realty company owned by the estate has been diminished by the aid and direction of the executor-director, officer of said realty company voting to convey the realty company's lands to the executor himself, or his designated grantees, and personally receiving the consideration therefor. The main question is: Has the market value of the stock of the realty company been diminished by the acts of the accounting executor?

It is the court's theory that it has jurisdiction to ascertain whether the money received for the sale of the land of the realty company passed personally to the executor-director as of right, or whether he is subject to be surcharged for such loss to the estate. There is a very clear distinction between the case where the court must determine the assets of the estate, under statutory equitable power, and the case to determine title to real estate now owned by innocent third parties under the exercise of general equitable jurisdiction, chancery in character. (*Matter of U. S. Trust Co.,* 80 App. Div. 77.)

While the Surrogate's Court has only such power as is conferred upon it by statute, it has power in an accounting proceeding to

determine the title or the right to possession of property which belonged to the deceased in his lifetime.

The court is now concerned with the jurisdiction of the surrogate to determine the conflicting claims of the estate and of the executor individually, and to protect the rights of the parties by a proper decree according to the circumstances. Where a contest arises respecting property alleged to belong to the estate, but which the accounting party lays claim to individually, the contest must be tried and determined in the same manner as any other issue arising in the Surrogate's Court. It is the *allegation* that the property to which the accounting party lays claim belongs to the estate, *not the actual fact of ownership*, which gives the court jurisdiction. (*Matter of Watson*, 215 N. Y. 209, 212, and cases cited.) The trial and determination falls far short of the exercise of general equitable jurisdiction. The court has the jurisdiction over the executor as such and jurisdiction to charge him for the benefit of the estate with any damage arising from failure to perform his duty. If an issue is presented as to whether the executor failed to carry out and perform the duty intrusted to him by the will, and that, by such failure to perform his duty, a loss has resulted to the estate, the surrogate can determine such issue. (*Matter of Hearns*, 214 N Y. 426, 434.)

The executor held the assets of the estate in a fiduciary capacity, the will being the source of his power and letters testamentary evidence of his authority, but the rights and liabilities of the executor in respect to the fund in his hand are like those of trustees. (*McMaster* v. *Gould*, 240 N. Y. 379, 386; *Matter of Walsh*, 126 Misc. 479.)

The court's further control of an executor or trustee who wrongfully deals with the assets of a company in which he is a director and officer voting the majority stock is by way of removal. The control of such executor is only through his voting power. The court has no control over the realty company as such. The right to vote stock is an essential attribute of its ownership.

The motion is denied.