(35 Misc. Rep. 123.)

### In re GULDENKIRCH'S ESTATE.

#### (Surrogate's Court, New York County.   May, 1901.)

EXECUTOR—ACCOUNTING.
> An executor is not chargeable with a note due by his attorney to the testatrix on the subsequent insolvency of the attorney, where he knew nothing of such note except to the extent that he might be chargeable with notice because the fact was in the knowledge of his attorney.

In the matter of the estate of Henrietta E. Guldenkirch. Held on objections to report of referee. Modified.

Louis W. Stotesbury, for executor.
Elmer S. White, special guardian.
Ingle Carpenter, special guardian.

THOMAS, S.   The executor was properly charged by the learned referee with all of the amounts set forth in the report, except only as to the sum of $910.50, being the amount due on a promissory note from the attorney for the executor to the testatrix. The liability of the executor for this sum could only rest upon the proposition of fact that he was legally chargeable with notice of the existence of this indebtedness on the part of his attorney, at a time when the attorney was solvent, and that it was lost to the estate by neglect of the executor to take seasonable efforts for its enforcement. It is quite plain that culpable neglect to collect a claim which forms an asset of the estate can only exist when knowledge, or notice legally equivalent to knowledge, of its existence is also found. This principle is emphasized in all of the cases upon this

subject. Harrington v. Keteltas, 92 N. Y. 40; Mills v. Hoffman, 26 Hun, 594; In re Moore's Estate, 1 Tuck. 41; In re Hosford, 27 App. Div. 427, 50 N. Y. Supp. 550; O'Connor v. Gifford, 117 N. Y. 275, 22 N. E. 1036; In re Hall, 16 Misc. Rep. 174, 38 N. Y. Supp. 1135. No actual notice to the executor of the fact that his attorney was a delinquent creditor of the testatrix was shown or claimed, and the charge against him seems to have been made on the theory that he was chargeable with notice of facts in the knowledge of an attorney who was largely trusted by him. · The rule that makes the knowledge of an agent the knowledge of his principal rests upon a presumption that the agent will act honestly, and will communicate the facts truthfully. This presumption fails when it is shown that the attorney is violating his duty, and is engaged in a scheme to defraud his principal, because he cannot in reason be presumed to have disclosed that which would expose and defeat his fraudulent purpose. Benedict v. Arnoux, 154 N. Y. 715, 729, 49 N. E. 326; Bienenstok v. Ammidown, 155 N. Y. 47, 60, 49 N. E. 321; Henry v. Allen, 151 N. Y. 1, 45 N. E. 355; Weisser v. Denison, 10 N. Y. 68, 61 Am. Dec. 731; Am. & Eng. Enc. Law (2d Ed.) 1145. In this case it is entirely improbable that the attorney who has been guilty of the numerous improprieties shown in this case would have disclosed the fact of his own indebtedness, and thus have invited an action against himself for an obligation which his conduct shows he desired to evade, and did not intend to pay. As to this one charge, the report of the referee is overruled. In other respects the report is confirmed. The executor is allowed commissions and costs for the preparation of the account, payable out of the estate. The disbursements of the contest are adjudged against him personally. Costs to contestants payable out of the estate.

Decreed accordingly.