In the Matter of the Judicial Settlement of the Account of PAULINE FISHER, as Administratrix, etc., of ALEXANDER F. FISHER, Deceased.

Surrogate's Court, Bronx County, April, 1925.

Executors and administrators — accounting — administratrix surcharged with sale price of intestate's interest in partnership and one-half of cash balance of partnership — gift of Liberty bonds to administratrix not shown — administratrix surcharged with amount thereof — administratrix surcharged with stock issued to her personally on incorporation of business after intestate's death — burden of establishing validity of certain claims not sustained by administratrix — additional assets not shown by contestants — no commissions allowed administratrix — administratrix being sole administratrix and widow of intestate her exemptions are fixed under Surrogate's Court Act, § 267.

The administratrix is surcharged with the amount paid her by the surviving member of a partnership in which her intestate was one of the partners and with one-half of the cash balance of the partnership in the bank after liquidation of the firm's affairs.

The evidence does not establish that certain Liberty bonds deposited in a bank in the name of the intestate were given to the administratrix by the intestate, and her account is surcharged with the amount of said bonds.

The account of the administratrix is surcharged with $1,000, the value of stock issued to her personally when the partnership business was incorporated after the death of the intestate, since it appears that there was no consideration for the stock and that the stock represented the interest of the estate in the business.

The administratrix failed to sustain the burden of proving the justice, necessity, value and payment of claims created by her which were objected to.

The contestants failed to establish that there were any assets other than those listed in the account.

Under the circumstances of this case no commissions and no costs will be allowed the administratrix.

Since the administratrix is the sole administratrix and is also the widow of the intestate, her exemptions are fixed and allowed under section 267 of the Surrogate's Court Act in the sum of $150.

PROCEEDING for accounting of administratrix.

*John T. Booth*, for the accountant.

*Peasley & Compton* [*Frank C. Delaney* of counsel], for the contestant.

SCHULZ, S.:

The decedent died intestate leaving him surviving the petitioner, his widow, with whom he resided in Bronx county, and his mother, three sisters and two brothers, all residing in Europe.  His widow was appointed administratrix of his estate.  A proceeding to compel her to account was brought which resulted in her filing the accounting now under consideration.  Objections were filed by a number of the non-resident next of kin.  Upon the hearing of such objections it developed that the mother of the decedent had died after his death and subsequently it was also shown that one of the next of kin who had filed objections had also departed this life.  A petition was thereupon filed praying for the issuance of a supplemental citation to bring in all the necessary parties, and upon its return a special guardian was appointed for absentees and unknown parties.  The latter also filed objections substantially the same as those theretofore filed.  The parties have now stipulated that all of the objections to the account be determined upon the evidence heretofore adduced.

During the course of the hearing I reserved decision upon a motion made by contestants' counsel to strike out testimony given by a witness, Slattery, as to declarations made by the decedent to him relative to a loan claimed to have been made by the administratrix to the partnership hereinafter referred to.  I now deny the motion and award an exception to the contestants.

At the time of the death of the decedent he and one Thomas Slattery were in partnership doing business under the trade name of Rex Radiator Manufacturing Company.  Upon the death of the decedent it is claimed that the surviving partner closed the business affairs of the partnership and thereafter conducted business on his own account under the trade name Rex Radiator and Manufacturing Company, having filed a certificate pursuant to section 440 of the Penal Law.  It was alleged that the firm was indebted to the administratrix in the sum of $2,500, and the value of the decedent's interest in the partnership was fixed at $2,000, at which sum the surviving partner purchased the same.  This amount he had not paid to the administratrix when she filed her accounting.

The debt in the sum of $2,500 alleged to be due to the administratrix was paid to her out of the assets of the firm by turning over to her certain merchandise valued at $1,533.94, by paying her $500 in cash and by the delivery to her of a note in the sum of $466.06.  Slattery took over the good will and some machinery at a valuation of $2,000 and received $500 in cash, the latter being the amount which he claims he originally contributed to the firm.

Subsequent to the death of the decedent a corporation known as

the Rex Radiator Corporation was formed and capitalized at $7,000, the capital stock consisting of seventy shares. The administratrix bought twenty-five shares of stock of the corporation by turning over the cash, note and merchandise she had received in payment of the alleged debt due to her. The surviving partner turned over the $500 he had received as aforesaid and the machinery he had accepted at the value of $2,000, and received twenty-five shares in the new corporation. He also turned over to the corporation the new business that he had been conducting for his own account from the time of the death of the decedent to the date of the formation of the corporation, a period of about two and one-half months, at a valuation of $2,000 for twenty shares. Eight of these he directed to be issued to him, eight to the administratrix individually, and four to one Francis W. Keegan, who subsequently transferred two of them to the administratrix individually, and two of them to Slattery, so that at the present time Slattery is the owner of thirty-five shares and the administratrix is the owner of thirty-five shares of the stock of such corporation.

Upon the hearing the account was amended by increasing the amount of the funeral expenses from $555 to $610.55.

The administratrix has consented that she be surcharged with the sum of $2,000, being the amount for which the surviving partner purchased the interest of the decedent in the partnership and she is so surcharged accordingly. As it appeared that the cash balance of the partnership in bank after the liquidation of the firm's affairs was $568.50, it was conceded that the administratrix was chargeable with one-half thereof. She will, therefore, be surcharged with the sum of $284.25. Upon her consent the administratrix is disallowed two-thirds of the item of $465, with which she credits herself in Schedule " C " as having been paid for a burial plot, to wit, the sum of $310, and she is credited with the funeral expenses of the decedent as set forth in Schedule " C " of the account as amended in the sum of $610.55 and since paid, and with the sum of $100, being part of the sum of $400 paid for a headstone.

In view of the fact that Liberty bonds in the amount of $550 were deposited in the Bowery Savings Bank in the name of the decedent, the evidence of ownership which consists only of the testimony of the administratrix, is not sufficient to sustain the burden of proof which is upon her to establish the alleged gift, from the decedent to her, of some of such bonds (*Matter of Housman*, 224 N. Y. 525; *Matter of Van Alstyne*, 207 id. 298, 308; *Matter of Schroeder, No. 1*, 113 App. Div. 204, 210) and the ownership of the remainder, and she will, therefore, be surcharged with the amount thereof, together with the interest which has been paid thereon.

I am satisfied that the good will of the business conducted by the surviving partner, after the death of the decedent, and up to the time of the formation of the corporation, was in fact that of the copartnership theretofore existing between him and the decedent. When the business was turned over to the corporation at a valuation of $2,000 and stock issued therefor, $1,000 worth was issued or thereafter transferred to the administratrix. No consideration was shown for the same and the conclusion is irresistible that it represented the interest of the estate. The administratrix may not personally profit from her acts with reference to the estate (*Matter of Peck*, 79 App. Div. 296; affd., 177 N. Y. 538; *Slater v. Slater*, 114 App. Div. 160; affd., 188 N. Y. 633; *Pyle v. Pyle*, 137 App. Div. 568, 572; affd., 199 N. Y. 538; *Skinnell v. Mahoney*, 197 App. Div. 808), and hence she will be surcharged with such sum of $1,000, with interest at six per cent.

The burden of proving the justice, necessity, value and payment of claims created by the administratrix and which were objected to, was upon the administratrix. (*Matter of Peck, supra; Matter of Lester*, 172 App. Div. 509; *Matter of Hosford*, 27 id. 427.) As to the two items of Schedule " C " aggregating sixty-three dollars and referred to in the fourth objection of the contestants and the special guardian, no proof has been offered by the petitioner and hence the same must be disallowed.

The burden of establishing assets of the estate in addition to those accounted for is upon the contestants. (*Matter of Rogers*, 153 N. Y. 316; *Matter of Mullon*, 145 id. 98; *Matter of Perry*, 129 App. Div. 587.) I find the evidence insufficient to warrant any further surcharges than those heretofore directed, and except as herein otherwise disposed of, the objections are dismissed.

Under the circumstances, no commissions and no costs will be allowed to the administratrix. She is entitled, however, to her exemptions as widow. (Surrogate's Court Act, § 200; *Matter of Osborn*, 220 N. Y. 595; *Matter of Shedd*, 60 Hun, 367; *Matter of Shulenburg*, 114 Misc. 155.) As she is the sole administratrix, these should be adjusted upon the judicial settlement of her account (*Matter of Warner*, 53 App. Div. 565, 571) and under the law may be awarded to her by the final decree. (Surrogate's Court Act, § 267.) The same are, therefore, allowed in the sum of $150.

Costs will be awarded to the contestants and an allowance granted to the special guardian payable out of the estate. Settle decision and decree accordingly.