Pierson R. Hildreth, S.
In this proceeding to compel an administrator to render a supplemental accounting the respondent administrator has made a motion to dismiss the proceeding pursuant to rule 3211 of the Civil Practice Law and Rules upon several grounds. The administrator over 20 years ago rendered a final account and was discharged by final decree to which proceeding this petitioner was a party. Petitioner is one of decedent’s daughters, and has begun this proceeding alleging that the administrator failed and neglected to account for a certain alleged asset in its prior account in 1941. Dismissal is sought on the ground that this present application is barred by the Statute of Limitations, that the petition fails to state *73 facts sufficient to entitle petitioner to the relief sought, and that not all of the necessary parties have been cited.
A statement of certain facts which are stated in the petition and which are matters of record is necessary to show the background and nature of this matter. The decedent, Mary E. Lewin, died intestate March 4, 1940, leaving five daughters and six sons as her sole distributees. In the petition for letters of administration upon her estate it was expressly alleged that she died possessed of personal property not exceeding $2,381.88 and had no real property. All of her children, including the present petitioner, renounced their right to letters of administration and consented that letters of administration issue to the Suffolk County National Bank. Such letters issued April 11, 1940.
On February 21, 1941, a final decree of this court was made settling the accounts of the administrator. All of decedent’s distributees, including the present petitioner, waived citation and consented to the final decree in that accounting. No one raised any objection to the account. The petition and account showed that the gross assets of decedent’s estate consisted solely of $2,381.88, the same sum as had been shown in the petition for letters, and the sons agreed that the money be paid entirely to the daughters. The account states that it sets forth all assets which had come into the hands of the administrator or of which it had knowledge.
The present petition to compel a supplemental accounting alleges in substance that decedent at the time of her death was possessed of a claim against two of her sons for the reasonable value of the use of a farm of which decedent was life tenant, that the administrator failed to account for this asset, was negligent in failing to collect it, and should now be required to file a further account. The allegations concerning the existence of such claim are that decedent’s husband died in 1932; that by his will he left his wife the use and income of all his real and personal property for her life, and upon her death left the same to two of his sons, Frederick and August, subject to a charge for payment of certain monetary bequests which did not have to be paid until after death of his wife; that his sons, Frederick and August, and the Suffolk County National Bank were named executors and all qualified. Petitioner alleges that the sons, Frederick and August, after death of their father and with the consent of their mother, entered into possession of the real and personal property of which their mother was life tenant and that they agreed to pay her, as landlord, a reasonable sum (amount not stated) for the use and occupation of the same; *74 that they paid her grossly inadequate sums from 1932 until her death in 1940, and defrauded her by promises to pay her substantial sums ultimately; that the bank, as administrator of the wife’s estate, should have known of such alleged agreement because it was one of the executors of the will of decedent’s husband; that the bank as administrator was negligent in failing to inquire into the possibility of such claim existing and in failing to prosecute it; that both of the sons against whom such alleged claim may have existed are now dead, one having died in 1958 and the other in 1961; that the alleged claim itself, assuming it ever existed, is now barred by the Statute of Limitations, but that the bank is responsible to the distributees for its alleged negligence and should now render a further account of its proceedings from the prior account in 1941 respecting any such claim as may have existed on the date of decedent’s death in 1940 against her said sons, Frederick and August.
There is a complete absence of any indication as to when petitioner acquired knowledge of the existence of the alleged claim, whether she knew of it in 1932 which is when she states the alleged agreement was made, whether she knew of it when her mother died in 1940 or when the administrator accounted and was discharged in 1941.
Basically the question is whether petitioner is entitled to compel a further accounting upon the facts set forth. There is no claim of fraud on the part of the administrator and no allegation or proof that any assets have come into the hands of the administrator since the prior account in 1941. The petition is completely silent as to when petitioner learned of the alleged asset consisting of the supposed claim of her mother against the sons. There is no reason given which would explain or excuse the delay from 1941 to 1963 in bringing this proceeding, or why the petitioner did not object to the account of the administrator in 1941 if she contended it failed to set forth all of the assets of her mother’s estate. There is a complete absence of factual information or evidence to support the allegation that the mother and sons ever made any such agreement or any agreement at all, or that petitioner could have established the existence of such claim, in 1941. There is no proof that decedent ever during her lifetime asserted any claim against her sons.
Assuming that an asset was omitted from the prior account what is the effect? If an asset is omitted the representative is not discharged as to such asset and all questions concerning it are left open so far as the parties are concerned. (Matter of Seitz, 149 Misc. 526.) As to the omitted asset the situation is as though no accounting had been had. A proceeding to compel *75 an accounting was previously subject to a 10-year Statute of Limitations. The period is now six years subject to transitional provisions. (CPLB 213, 218.) However, with respect to a trustee the rule is that the statutory period of limitations does not begin to run in favor of the trustee until the trustee has clearly and openly repudiated the trust to the knowledge of the beneficiary. (Matter of Deitz, 134 Misc. 393; Matter of Jacobs, 257 App. Div. 28.) The same rule applies to an executor or administrator. (Matter of Ashheim, 111 App. Div. 176, affd. 185 N. Y. 609; Matter of Beard, 141 Misc. 888; Matter of Menahan, 224 App. Div. 139.)
If there has been no repudiation of the trust lapse of time per se is not sufficient to cause the statute to begin to run in favor of the fiduciary. The statute does not begin to run until some act occurs which is sufficient to be a repudiation of any further responsibility or liability as to the matter for which the fiduciary is or remains accountable. The burden is upon the fiduciary to show that the statute has run. (Matter of Meyer, 98 App. Div. 7, affd. 181 N. Y. 553.) Where no accounting has been had a motion to dismiss a proceeding to compel an executor to account on the ground solely of a lapse of time in excess of 10 years was denied in Matter of Ashheim (supra). But where an administrator rendered an informal account and a party who knew it was intended as a final settlement did nothing for 20 years, the court upon finding that by such settlement the administrator had repudiated the trust held that a proceeding to compel an accounting was barred by the Statute of Limitations. (Matter of Matthewson, 264 App. Div. 939.)
The prior decree judicially settling the account of the administrator is res judicata only as to the matters set forth in the account and embraced in the decree. (Surrogate’s Ct. Act, § 274.) (Matter of Williams, 1 A D 2d 1022.) The matters embraced ‘‘ include only those matters which are clearly and specifically set out and which can be definitely ascertained from a reading of the account and decree ”. (Matter of Seaman, 275 App. Div. 484, 490.) It has been said that the usual and general statement in an account that it contains all of decedent’s property does not per se amount to a renunciation of responsibility as to specific assets which are not set forth. (Matter of Williams, supra.)
The court rules on this motion that the administrator has not shown sufficient facts to establish repudiation of accountability for omitted assets if there were such, and therefore that on the basis of the facts before the court on this motion the proceeding is not barred solely by reason of the running of the statute.
*76 The court also rules that failure to make other distributees a party to the proceeding is not ground for dismissal since in the first instance the proceeding to compel an account is against the administrator only. (Surrogate’s Ct. Act, § 259.)
Petitioner, however, charges that her brothers defrauded her mother and that the administrator was negligent in failing to prosecute a claim. If the fraud occurred at all, it was between 1932 and 1940. Likewise, the alleged negligence occurred before the final account in 1941. If she knew of such alleged wrongdoing for this period of over 20 years and acquiesced and did nothing she is guilty of such gross laches as to bar any right she might otherwise have to bring this proceeding. There is nothing in the record before the court on this motion to show that petitioner did not have such knowledge when she consented to the final decree settling the account of the administrator in 1941. An excuse must be shown for the inaction for such a long period in order to justify a further account. No excuse has been shown and the court holds that petitioner under the situation existing is guilty of such laches as bars the proceeding. (See Geyer v. Snyder, 140 N. Y. 394; Matter of Hawley, 100 N. Y. 206; Matter of Sielcken, 162 Misc. 54; Matter of Salisbury, 6 N. Y. S. 932.)
It is the opinion of the court that petitioner has not shown facts sufficient to warrant the court to compel a further accounting. The exercise of the power of the court to compel an accounting is discretionary (Surrogate’s Ct. Act, § 258). Here, a final decree settling the accounts of the administrator was made in 1941 in a proceeding to which this petitioner as well as all other distributees gave express consent. The effect of such final decree is stated in Matter of Hood (90 N. Y. 512) and has been declared many times since then. The rule is that a decree for the final settlement of the account of an executor or administrator is conclusive upon the parties as to the facts embraced and binds all parties as to such facts until opened or set aside, and bars another application to compel such representative to account unless it is clearly shown that new facts such as discovery or realization of assets since the first accounting justifies a proceeding against them for a further account. In Matter of Hood (supra) children of the decedent petitioned to compel an executor to account for alleged proceeds of a sale of real property 12 years after a decree in a final accounting to which petitioners were parties. Petitioner demurred to an answer of the executor setting up the prior decree as a defense. The court reversed a decision sustaining the demurrer, and stated at page 515, that it “presumptively embraced all the *77 matters as to which the executors were liable to account. If new facts existed, which render it proper that a further accounting should be had, they should have been averred in the petition.” The same rule that it is presumed that a decree in a final accounting embraces all matters for which the representative is accountable and that one seeking a further account must make a clear, convincing case for such relief is stated in Matter of Soutter (105 N. Y. 514) which upheld an order of the Surrogate which refused to direct a further accounting after a prior accounting where insufficient facts were shown. The court said (p. 518): ‘1 the presumption should be indulged that the account was correct and that the executor had accounted for all the property that came into his hands as such, and a further accounting should not be ordered unless it is made to appear that there are other matters, not embraced in his former account, for which he is responsible, and has not accounted * * * It is not too much to ask of a party, who seeks to compel an executor who has once ■accounted to make a further account, to present to the surrogate a clear case before he shall be required to grant the application.”
Here there are no facts whatever set forth to show that any such claim as is alleged ever existed in favor of decedent against her two sons. The only parties who had direct knowledge of any agreement are.all dead. There is no proof or evidence that the mother in her lifetime ever asserted .such a claim. So far as appears from the allegations such claim is but an inference or surmise of petitioner made now over 30 years after it arose. To justify a further account in such a case requires petitioner to show a good excuse for the delay and a clear, convincing factual showing that the claim could be successfully established. The burden would have been upon petitioner to establish such claim if she had raised the objection on the original accounting. (Matter of Perry, 129 App. Div. 587; Matter of Fisher, 124 Misc. 836.) Much more so should it be required to show a convincing basis for the existence of an alleged omitted asset after a lapse of over 20 years. (Matter of Baker, 42 App. Div. 370; Matter of Wilson, 127 Misc. 518.)
It is obvious that petitioner seeks to charge the administrator with liability for negligence in failing to collect the alleged claim for which no factual basis is shown. Such liability could exist only if the administrator knew or was chargeable with knowledge of the claim even assuming that it did exist. No such knowledge is shown. Petitioner contends that a duty of inquiry arose because respondent was a coexecutor of the estate of decedent’s husband who died in 1932. In the opinion of the court *78 such conclusion is a complete non sequitur. Nothing is shown which did or would create any such duty. The petitioner herself knew the terms of her father’s will and was a beneficiary, she knew her mother had been given the real and personal property for life, that her mother let two of her sons occupy the land and use it, that when her mother died the only asset left as shown both in the petition for letters of administration as well as in the final accounting were stated as the sum of $2,381.88, that no asset in the form of rent due or in arrears from the two sons was shown in the accounting upon her estate. Petitioner made no inquiry, made no protest, raised no objection and expressly waived citation. No fraud is alleged. The administrator could not be liable for negligence in not collecting an asset of which it had no knowledge and with the existence of which it was not chargeable with knowledge. (Matter of Guldenkirch, 35 Misc. 123.)
In the opinion of the court petitioner has failed to show facts which would warrant the court to require the representative to make a further account. Accordingly the motion to dismiss the petition is granted as a matter of law and as a matter of discretion.