■ In the Matter of the Estate of MARY PETROCELLI, Also Known as MARY A. PETROCELLI, Deceased. ANTHONY PETROCELLI et al., Respondents; VINCENT PETROCELLI, Appellant. [763 NYS2d 73] —In a proceeding to settle the coexecutors' amended intermediate account, the appeal is from an order of the Surrogate's Court, Queens County (Nahman, S.), dated January 4, 2002, which granted the motion of the coexecutors to vacate the objectant's demand for a jury trial.

CELLI et al., Respondents; VINCENT PETROCELLI, Appellant. [763 NYS2d 74] —In a proceeding to settle the coexecutors' amended intermediate account, the objectant appeals, as limited by his brief, from so much of an order of the Surrogate's Court, Queens County (Nahman, S.), dated March 28, 2002, as, after a nonjury trial, denied his objections, inter alia, seeking the removal of the petitioners as coexecutors of the decedent's estate.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable by the objectant personally.

The decedent, Mary Petrocelli, also known as Mary A. Petrocelli, died on June 8, 1996. Pursuant to her last will and testament, she left her entire estate, consisting primarily of stocks and a legal three-family residence, to her six children. The will appointed two of the children, the petitioners Anthony Petrocelli and Teresa Mongelli, as coexecutors.

The coexecutors submitted an intermediate accounting of the estate. However, the objectant, Vincent Petrocelli, filed 36 objections to his siblings' intermediate accounting, claiming, inter alia, that they wrongfully omitted certain assets and breached their fiduciary duties by commingling estate assets and removing estate assets from the State of New York. At a nonjury trial, the coexecutors adduced evidence establishing, inter alia, that the allegedly wrongfully omitted assets were gifted by the decedent to several of the siblings over 20 years before her death.

Contrary to the objectant's contention, the Surrogate's Court correctly denied his objections seeking the removal of the coexecutors, and the denial of their respective claims for commissions. In support of these arguments, the objectant alleged that coexecutor Mongelli removed estate property from the State without prior approval of the court, in violation SCPA 711 (7), when she deposited estate dividend checks into an estate account in a Connecticut bank where she was employed. The objectant also complained that coexecutor Anthony Petrocelli deposited rental income from the subject three-family residence into a personal account, continuing the practice he had established before the decedent's death. However, the Surrogate's Court properly denied these objections.

Removal of an executor nullifies the testator's choice and may only be decreed when the grounds set forth in the relevant statutes have been clearly established (*see Matter of Leland,* 219 NY 387, 392 [1916]). Courts exercise the power of removal sparingly, and only upon a clear showing of serious misconduct that endangers the safety of the estate; not every breach of fiduciary duty will warrant removal of an executor

(*see Matter of Duke,* 87 NY2d 465, 473 [1996]). In view of the unrebutted showing by the coexecutors that the complained-of conduct did not harm the estate in any fashion, and all money deposited in the subject accounts were reported in the accounting, the Surrogate's Court providently exercised its discretion in denying the objections.

Moreover, the evidence supports the Surrogate Court's finding that the subject stocks were transferred by the decedent out of her estate more than 20 years prior to her death. The objectant had the burden of "establishing assets of the estate in addition to those accounted for" by the coexecutors, with evidence of reasonable certainty (*Matter of Fisher,* 124 Misc 836, 839 [1925]; *see also Matter of Rogers,* 153 NY 316 [1897]; *Matter of Mullon,* 145 NY 98 [1895]; *Matter of Baker,* 42 App Div 370 [1899]). The objectant failed to meet that burden.

The objectant's remaining contentions either are unpreserved for appellate review or without merit. S. Miller, J.P., Goldstein, Friedmann and Cozier, JJ., concur.