Matter of Howansky (2025 NY Slip Op 52084(U))

[*1]

Matter of Howansky

2025 NY Slip Op 52084(U)

Decided on December 9, 2025

Surrogate's Court, Saratoga County

Schopf, S.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 9, 2025
Surrogate's Court, Saratoga County

In the Matter of the Petition of Timothy A. Howansky 
 as a Person Interested in the Estate of David Howansky, deceased, for an Order Revoking Letters Testamentary Issued to David Howansky, Jr.

File No. 2021-465/C

Gerard F. Parisi, Esq.Parisi, Coan & Saccocio, PLLCAttorney for Timothy Howansky, Petitioner120 Erie Blvd., 2nd FloorSchenectady, New York 12305William J. Keniry, Esq.Eric N. Dratler, Esq.Tabner, Ryan & Keniry, LLPAttorneys for David Howansky, Respondent18 Corporate Woods Blvd.Albany, New York 12211

Jonathan G. Schopf, S.

This matter comes before the Court on an Amended Notice of Motion filed by the Respondent fiduciary on September 16, 2025 which seeks dismissal, pursuant to CPLR §3211[f] of the pending SCPA §711 Verified Petition to Remove Fiduciary filed by Petitioner Timothy Howansky on July 31, 2025.
The October 1, 2024 Decision and Order which granted the fiduciary, David Howansky, Jr., Letters Testamentary is currently on appeal to the New York State Supreme Court, Appellate Division, Third Department. David Howansky, Jr. has been acting as the estate fiduciary since the issuance of Letters.
The motion was fully submitted and was returnable on October 8, 2025. Thereafter, this Court issued an Order to Show Cause and Temporary Restraining Order concerning a proposed methodology of sale of the real property of the estate. The Temporary Restraining Order prohibited the sale of the property until arguments could be made on the underlying motion. Such argument was had on October 8, 2025 and on October 9, 2025, the Court, on its own motion issued an Amended Order to Show Cause and Temporary Restraining Order directing [*2]that the Petitioner, the Respondent and beneficiary Ruth Powell appear with counsel on October 22, 2025, and that the parties would have the opportunity to file further papers in opposition, and that arguments on the motions and good faith settlement discussions would be had.
The matter was adjourned on consent to November 19, 2025 at which such time extensive settlement discussions were had. An agreement was unable to be reached with respect to the sale of the property and the Court directed that a decision on the underlying motions would be made. On December 8, 2025, this Court issued a preliminary injunction concerning the sale of the real property.
It is often stated that when a court reviews a motion to dismiss for the petition's failure to state a cause of action under CPLR §3211(a)(7), the court must accept the facts as alleged in the petition as true, accord the petitioner the benefit of every reasonable inference, and determine only whether the facts as alleged fit within any cognizable legal theory. (Chanko v. Am. Broad. Companies Inc., 27 NY3d 46, 52 [2016] and E.g. Bangladesh Bank v Rizal Commercial Banking Corp., 226 AD3d 60 [1st Dep't. 2024]). The Appellate Division Third Department has said the only question on a motion to dismiss for failure to state a cause of action is whether the petition pleads a cause of action. (See, e.g., Henbest & Morrisey Inc. v. W.H. Ins. Agency Inc., 259 AD2d 829, [3d Dep't 1999]).
In making its determination on a motion to dismiss made pursuant to §3211, the court " . . . shall consider the pleadings, and supporting and opposing affidavits stating the facts upon which the action or defense is based" (See CPLR §3211[2]). 
Here movant submits a voluminous motion consisting of an affirmation of counsel with exhibits "A" through "W" and a memorandum of law. Opposition papers consisting of a memorandum of law and affidavit of Petitioner have been received. The movant has also submitted a reply memorandum of law and reply affirmation of counsel with exhibits "A" through "I". The petition which Respondent seeks to have dismissed is not attached to this impressive stack of documents. Ordinarily, the failure to submit copies of the pleadings would mandate the denial of the motion. However, "such a procedural defect may be overlooked if the record is sufficiently complete" (Johnson v. Collyer, 191 AD3d 1192 [3d Dep't 2021]) citing Welch v. Hauck, 18 AD3d 1096, 1098, [3d Dep't 2005], lv denied 5 NY3d 708, [2005]). As in Johnson, here the Court finds that there is a sufficient record to address the motion based upon the papers submitted and being that the underlying petition is filed with the Court, the failure to attach the pleading can be properly overlooked, and the Court hereby takes notice of the same.
On a petition pursuant to SCPA §711, the burden of proof is on the person seeking to remove the fiduciary. (See Matter of Palma, 40 AD3d 1157 [3d Dep't 2007]). The grounds for removal in §711 contemplate that the fiduciary poses a threat to the estate. In (Matter of Corey, 65 Misc 3d 524, [Surrogate's Court, Erie County 2019]). In general, New York's public policy is to steadfastly honor a testator's or grantor's choice of fiduciaries. Removal is draconian, and the courts do it sparingly, and only if the statutory grounds are clear (see Matter of Petrocelli, 307 AD2d 358, 763 N.Y.S.2d 74 [2d Dep't 2003]; Matter of Braloff, 3 AD2d 912, [2d Dep't 1957], affirmed, 4 NY2d 847, [1958] [the court should not remove the fiduciary unless he has "endanger[ed] the estate" or "seriously impede[d] its administration"]). Therefore, a mere conflict of interest or mere hostility does not justify removal. (See Matter of Shaw, 186 AD2d 809 [2d Dep't 1992] [conflict of interest]; Matter of Flood, 236 NY 408, [1923] [hostility]). If the conflict or hostility jeopardizes the estate, however, it makes the fiduciary unfit to serve, and [*3]the court will act. (See Matter of Liebert, N.Y.L.J., November 18, 2005, at 30, col. 3 [Surrogate's Court, New York County]).
The instant Petition rehashes much of the familial and litigation history in this case. The Petition does not specify which subdivision of SCPA §711 it is being brought under. Petitioner brings the Petition based on allegations of conflict and hostility by Respondent to Petitioner. Reading the Petition in contrast with §711 shows that there are no allegations of violations of subdivisions (1), (3), (4), (5), (6), (7), (9), (10), (11), or (12). Allegations are made which could be read that property of the estate was wasted or improperly applied as set forth in SCPA §711(2) and that Respondent is generally unfit for office per SCPA §711(8).
"Evidence of Hostility"Under the Petitioner's category of "Evidence of Hostility" as set forth in his Petition, the only items which are relevant to the actions that the Respondent has undertaken which would state a cause of action under SCPA §§711(2) and (8) are set forth on pages 10-13 at subparagraphs (c), (e), (f), (g), (h), (i), (j), (k), (l), (m), (n), (o), (p), (q), (r), and (s) of the Petition. Of these items, the effect of and any damages related thereto of (g), (h), (i), (j), (k), (m), (n), and (r) have been rendered moot and resolved by this Court's granting of the preliminary injunction concerning the sale of the property. However, damages are not an essential component of removal under SCPA §711. A fiduciary can still be removed if the Petitioner meets his burden and proves that the conflict or hostility jeopardizes the estate, (see, Matter of Liebert, Id.).
The issues surrounding conflict and hostility are to be decided by the trier of fact and the same may not be inquired into on a CPLR §3211 motion. Conversion of the instant motion to one for summary judgment would not be appropriate as issue is not yet joined and discovery has not been engaged in (See Krusen v. Moss, 174 AD3d 1180 [3d Dep't. 2019]). Although the Court is free to review affidavits and all other forms of admissible proof submitted on the motion, "searching the record" is not permissible on a CPLR §3211(a) motion. (Torrance Construction, Inc. v. Jaques, 127 AD3d 1261 [3d Dep't 2015]).
The only question on a motion to dismiss for failure to state a cause of action is whether the complaint pleads a cause of action. (See, Henbest & Morrisey Inc. v. W.H. Ins. Agency Inc., Id.). The result of the foregoing is that in determining the motion to dismiss, the Court must accept the allegations of the Petition as true (see, Rovello v. Orofino Realty Co., Id. at 635—636 and its progeny.) Thus, the Court determines that the only viable claims which state a cause of action under SCPA §711 under the "Evidence of Hostility" category remaining are set forth on pages 10-13 at subparagraphs (c), (e), (f), (g), (h), (i), (j), (k), (l), (m), (n), (o), (p), (q), (r), and (s) of the Petition. As to these claims dismissal is denied. As is discussed, infra, all other claims not specifically discussed in this Order fail to state a cause of action upon which relief can be granted, pre-date the appointment of the Respondent as the Estate fiduciary, have already been determined by the Court, and are presently on appeal. As to all these claims, dismissal is granted.

"False Statements"
Under the Petitioner's category of "False Statements" as set forth in his Petition, the only items which are relevant to the actions that the Respondent has undertaken which would tend to state a cause of action under SCPA §§711(2) and (8) for an action undertaken by the Respondent during his tenure as fiduciary are set forth on page 21 at sub-subparagraphs (x) and (xi) concerning allegations of ownership of personal property of the Estate. This pleading appears to be out of numerical order and does not read in context with the immediate subparagraph of (viii) [*4]on page 20 of the Petition. There is no proper claim asserted here that the Respondent has wasted or improperly applied property of the Estate under SCPA §711(2) or that any other violation of any section of §711 has occurred. Moreover, any claims regarding ownership of personal property are more properly brought via a turn-over proceeding or litigated in the context of an accounting. As such, these claims are dismissed.
As is discussed, infra, all other claims in this section have already been determined by the Court and are presently on appeal. As to all these foregoing claims, dismissal is granted.

 "Evidence of Self-Dealing, Conflicts of Interest and Divided Loyalty"
Under the Petitioner's category of "Evidence of Self-Dealing, Conflicts of Interest and Divided Loyalty" there are various claims set forth in his Petition on pages 23 and 24 which Petitioner claims renders the fiduciary unfit for office under SCPA §711(8). As with Petitioner's "Evidence of Hostility" claims, any damages arising from these claims have been rendered moot and resolved by this Court's granting of the preliminary injunction concerning the sale of the property. Also as discussed, supra, Damages are not an essential component of removal under SCPA §711. A fiduciary can still be removed if the Petitioner meets his burden and proves that the conflict or hostility jeopardizes the estate, (see, Matter of Liebert, Id.). As such, Respondent's motion as to these claims is denied.

 Litigation of Issues Previously Determined or on Appeal
The Court once again notes that this Court's March 27, 2025 Decision and Order in File No.: 2021-465/A discusses that the Petitioner had raised ninety (90) individual allegations of conduct of the fiduciary which were set forth for the proposition to support Petitioner's claim that leave to file a SCPA §711 petition should be granted. The Court then noted that the first seventy-six (76) of these items were actions or allegations that appeared to have occurred prior to the granting of the Letters at issue. Then only the remaining thirteen (13) claims concerned matters taken after the grant of Letters. Further noted were that many of the seventy-six (76) pre-letters items were previously set forth in the Petitioner's prior January 29, 2024 motion which sought sanctions, a new trial, and the recusal of Judge Coffinger. As discussed, such motion was denied by Judge Coffinger in part on the record during the hearing on February 15, 2024 as to recusal. The remainder of the motion was denied in the Decision and Order of Judge Coffinger issued on October 1, 2024 which also appointed Respondent as the estate fiduciary. These decisions constitute the law of the case and are pending on appeal.
As discussed in the prior March 27, 2025 decision, the undersigned can and will only examine the conduct of the fiduciary for his actions taken after the grant of letters in considering the pending Petition to revoke Letters pursuant to SCPA §711. Conduct of the fiduciary before his appointment is irrelevant to the claimed necessity of his removal. Petitioner continues to relitigate the entire history of this matter when his remedy is currently before the Appellate Division.
Further rehashing of the familial history and events leading up to the granting of letters to the Respondent whether in motions or at the hearing on the instant SCPA §711 petition are made at the Petitioner's peril.
Lastly, it is worth noting that the decedent's Will was filed pending probate in 2021 and this Estate matter has been filed with this Court since 2022. As a general proposition one of the most preliminary matters in an estate is the appointment of an Executor upon the Will's admission to probate. In this Estate, the issue of the propriety of the executor(s) appointment is still being actively litigated on the eve of the New Year of 2026. All this while the single largest [*5]asset of the Estate, the real property, has been undistributed and/ or unsold despite the fact that there are 287 docket entries prior to the filing of this Decision and Order. As such, it is hereby
ORDERED, ADJUDGED, AND DECREED that under the "Evidence of Hostility" category set forth on pages 10-13 of the Petition at subparagraphs (c), (e), (f), (g), (h), (i), (j), (k), (l), (m), (n), (o), (p), (q), (r), and (s) of the Petition. As to these claims Respondent's motion to dismiss is denied. As to all other claims under the "Evidence of Hostility" category within the Petition, Respondent's motion to dismiss is granted; and it is further
ORDERED, ADJUDGED, AND DECREED that under the Petitioner's category of "False Statements" as set forth in his Petition, Respondent's motion to dismiss is granted as to all claims; and it is further
ORDERED, ADJUDGED, AND DECREED that under the Petitioner's category of "Evidence of Self-Dealing, Conflicts of Interest and Divided Loyalty" the Respondent's motion to dismiss is denied as to all claims; and it is further
ORDERED, ADJUDGED, AND DECREED that Objections to the remaining claims are to be filed on or before December 20, 2025; and it is further
ORDERED, ADJUDGED, AND DECREED that a hearing on the Petition will be held February 25, 2026 commencing at 1:30pm, any and all discovery shall be completed by the parties prior to that hearing; and it is further
ORDERED, ADJUDGED, AND DECREED that no adjournment or postponement of these dates will be granted absent a showing of good cause.
DATED: December 9, 2025HON. JONATHAN G. SCHOPFSARATOGA COUNTY SURROGATE